19992

Willard A. METCALF, Respondent, v. MAULDIN MANUFACTUR-
ING COMPANY, INC., Appellant

(213 S. E. (2d) 729)

*Wm. Byrd Traxler, Esq.,* of Greenville, *for Appellant,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Green-ville, *for Respondent,*

*Wm. Byrd Traxler, Esq.,* of Greenville, *for Appellant,* in Reply.

April 11, 1975.

LEWIS, Justice:

Appellant was engaged in the manufacture of asphalt rollers and spreaders (pavers) and respondent was employed by the company as a salesman on a commission basis. Respondent's employment was terminated in August 1973 and this action was subsequently brought by him to recover alleged earned and unpaid commissions. The trial resulted in a judgment for respondent in the amount of $10,375.00, from which this appeal is prosecuted.

Appellant contends that the lower court erred (1) in refusing its motion for an order of reference, (2) in refusing respondent's motion for a voluntary nonsuit, (3) in refusing its motions for a nonsuit and directed verdict, (4) in holding that respondent was entitled to recover, and (5) in several rulings on the admissibility of evidence. We find no reversible error and the judgment is affirmed.

This action was brought to recover on the basis of the alleged conversion of commissions due to respondent, However, a pre-trial conference was held at which the trial judge concluded that the action was more properly construed to be

one for breach of contract and the case was tried on that theory. All question as to punitive damages was subsequently eliminated from the case.

After the pretrial conference, appellant moved, under Code Section 10-1402, for an order referring the issues to the master, taking the position that the proof would require a long, complicated, and detailed accounting in order to determine the commissions due and, for that reason, the issues could best be determined under a reference. The trial judge reserved a decision on the motion for an order of reference, impanelled a jury, and proceeded to a trial, reserving the right to withdraw the issue from the jury if the court subsequently deemed it proper.

During the trial, respondent moved for a *voluntary* nonsuit, which was denied. Respondent has not appealed from the denial of his motion; but appellant contends, as one of its grounds for appeal, that the court was in error in refusing to grant respondent's request for a voluntary nonsuit. Appellant has no standing to complain of the failure to grant respondent's motion; and the assertion of error in this regard is completely without merit.

At the conclusion of all of the testimony, the trial judge refused appellant's motion for a directed verdict. Instead, the court found that respondent had established his right to recover from the appellant and withdrew that issue from the jury. Only the issue as to the amount of the commissions due to respondent by appellant was then submitted to the jury, sitting in an advisory capacity, which resulted in a verdict for respondent in the amount of $10,375.00. Thereafter, the trial judge entered an order for judgment in the same amount as the jury verdict, stating, in doing so:

"While I am persuaded that this should have been a non-jury trial and I, therefore, consider the jury verdict to be advisory only, if I was in error in withdrawing the case from the jury, there is no prejudice since my conclusion is the same as that reached by the jury. In fact, the defendant

(appellant) did not present any credible evidence in opposition to the plaintiff's position and, had this been a case at law, I would have directed a verdict in favor of the plaintiff (respondent)."

The contention that appellant's motion for an order of reference was denied because the issues were not referred to the master is without merit. The motion for an order of reference was, first, an assertion by appellant that it was entitled to a non-jury trial of the issues. With this contention, the trial judge finally agreed. The motion was, secondly, that the issues be referred. This latter phase of the motion was addressed to the discretion of the court. The rule was recognized in *Momeier v. John McAlister, Inc.,* 190 S. C. 529, 3 S. E. (2d) 606, quoting from 21 C. J. 605, 606, that, "where the subject is one proper for reference it is generally within the power of the Court in its discretion either to refer the cause, even without consent of the parties, or to determine the questions involved without a reference." Appellant was, therefore, not entitled to have the cause referred to the master as a matter of right, as it is apparently contended.

It appears that this case was called for trial at a regular term of court when a jury was in attendance and that, when question was raised as to the mode of trial, the trial judge impanelled a jury to sit with him in the trial of the case, leaving for later determination, in accordance with trial developments, whether the court or the jury would be the final arbiter of the facts. The order of the trial judge states that his reservation of the right to dismiss the jury at any time from consideration of the case was consented to by both parties.

There can be no doubt that the issues in the case were finally determined by the court and not by the jury. The basic contention here is that appellant was entitled to have them referred to the master. Whether or not the issues would be determined by the court or referred to the master was

within the discretion of the trial judge; and there is no showing that his decision to try the case without a reference constituted an abuse of discretion.

The complaint alleged that respondent was entitled to commissions on the sales of approximately fifty (50) asphalt rollers during 1973 and an additional commission on the sale of another of appellant's products. The complaint did not specify the nature of the additional product, but it developed that it was a "paver." At a pretrial conference, the court admitted into evidence certain purchase orders and invoices showing the sale of several "pavers" and, at the beginning of the trial, respondent moved to amend the complaint to include "pavers" as well as "rollers" among the items upon which commissions were sought. No ruling was immediately made upon this motion but, subsequently, the court permitted the inclusion of the commissions on the pavers in the amount claimed by respondent, which, under the facts, was tantamount to the granting of the motion to amend.

The granting of the motion to amend was within the discretion of the trial judge and no abuse of discretion is shown. The motion made at the beginning of the trial was in conformity with the proof offered and admitted at the pretrial hearing. No surprise or prejudice from the amendment has been shown, without which there was no error.

On the merits of the controversy, there was no material dispute as to the original employment contract between respondent and appellant. Dispute did exist in the testimony as to an alleged modification of the commission agreement in July 1973 and its effect upon the rate of commissions to be paid on prior sales. There was also a dispute as to whether a payment made to respondent, when he left appellant's employment in August 1973, constituted a final settlement between the parties.

Under the agreement between the parties, respondent was entitled to collect commissions only after the customer had paid for the equipment. Respondent showed the sales in question partly from copies of purchase orders and partly from copies of invoices. Appellant contends that there was no proof that these sales, established only by the purchase orders, had been completed by payment and, therefore, respondent failed in his proof. This contention overlooks the testimony of respondent, entered without objection, that he had contacted all purchasers involved and all stated that the sales had been completed.

The foregoing testimony presented factual issues for determination by the court and the trial judge properly refused appellant's motion for a directed verdict.

The findings of the trial judge are amply supported by the testimony and are affirmed.

The remaining questions concern the admissibility of evidence. There was no error in this regard, since all questions involved discretionary rulings of the trial judge with no abuse of discretion shown.

Affirmed.

Moss, C. J., and BUSSEY, LITTLEJOHN and NESS, JJ., concur.