STATE v. PHILIP EUGENE AUBOL.

244 N. W. 2d 636.

July 9, 1976—No. 46753.

*Keith Brownell,* County Attorney, and *John E. DeSanto,* Assistant County Attorney, for plaintiff.

*Fred T. Friedman,* for defendant.

*Douglas Cann* and *David W. Larson,* for County Attorney's Council, amicus curiae seeking issuance of writ.

*C. Paul Jones,* State Public Defender, and *Jean Hanson, Maury S. Landsman,* and *J. Diane Savage,* Law Clerks, amici curiae seeking issuance of writ.

Heard before Sheran, C. J., and Rogosheske, Todd, and Yetka, JJ., and considered and decided by the court en banc.

PER CURIAM.

Joint petition of the state and defendant Philip Eugene Aubol for a writ of mandamus compelling the St. Louis County District Court to dismiss an indictment charging the defendant with the crime of murder in the first degree. Writ shall issue.

On August 18, 1975, at approximately 10:30 p. m., Michael Rocheleau, employed as a gas station attendant at the M & C Service Station in Duluth, was shot and killed. On September 4, 1975, the St. Louis County grand jury returned first-degree murder indictments against the defendant, his brother, Kenneth Aubol, and George Gruber. Minn. St. 609.185 and 609.05.

On December 24, 1975, Gruber, one coindicted defendant, was convicted by a jury of manslaughter in the first degree, Minn. St. 609.20, and was sentenced to an indeterminate term of 0 to 15 years to be served at Stillwater State Prison. An appeal has been taken from the judgment of conviction.

Defendant Kenneth Aubol's negotiated plea of guilty to murder in the third degree, Minn. St. 609.195, was accepted by the district court on February 18, 1976. He was then sentenced to a term of 1 to 25 years at Stillwater State Prison.

On March 9, 1976, defendant Philip Aubol moved the St. Louis County District Court for a change of venue based upon potentially prejudicial pretrial publicity and the interests of justice. The order granting the motion, although dated March 11, 1976, was issued on March 30, 1976, and venue for purposes of trial established in Minneapolis.

On March 23, 1976, the district court considered the joint mo-

tion of the state and the defendant to dismiss the first-degree murder indictment pursuant to Rule 30.01, Rules of Criminal Procedure. The basis of the motion to dismiss, in addition to the promotion of the interests of justice, was the joint assertion that insufficient evidence existed to support a finding that defendant wilfully and intentionally aided and abetted the commission of the August 18, 1975, murder. Rather, the prosecuting authority was familiar with convincing evidence that defendant did not so act.

In support thereof, several witnesses testified at the motion hearing, including an experienced polygraph operator, the chief toxicologist of the Minnesota Bureau of Criminal Apprehension, Aubol's attending physician and psychiatrist and the convicted defendants.

By order dated March 26, 1976, the joint motion to dismiss was denied. The court praised counsel for their adherence to the highest standards of the profession, but concluded that as evidence existed before the grand jury and upon trial of one co-indicted defendant which directly controverted the contended factual basis of the dismissal, the matter presented an issue of fact to be submitted to the jury.

The sole issue for our consideration is an analysis of Rule 30.-01, Rules of Criminal Procedure, and Minn. St. 631.21, as they relate to the authority of the lower court to deny a prosecutor's motion to dismiss an indictment where the prosecutor, acting in good faith, has established a factual basis for the motion and has expressed a reasonable doubt as to the guilt of the accused.

Rule 30.01, Rules of Criminal Procedure, provides as follows:

"The prosecuting attorney may in writing or on the record, stating the reasons therefor, dismiss a complaint or tab charge without leave of court and an indictment with leave of court. If the dismissal is on the record, it shall be transcribed and filed."

Leave of the court is clearly required prior to the dismissal of an indictment by the prosecuting attorney. See, also, Minn. St. 631.21, which provides as follows:

"The court may, either of its own motion or upon the application of the prosecuting officer, and in furtherance of justice, order any criminal action, whether prosecuted upon indictment, information, or complaint, to be dismissed; but in that case the reasons for the dismissal shall be set forth in the order, and entered upon the minutes, and the recommendations of the prosecuting officer in reference thereto, with his reasons therefor, shall be stated in writing and filed as a public record with the official files of the case."

As Rule 30.01 essentially adopts the provisions of Rule 48(a),[1] Federal Rules of Criminal Procedure, an examination of interpretations given this latter rule is instructive.

In United States v. Ammidown, 162 App. D. C. 28, 497 F. 2d 615 (1973), the court of appeals considered a convicted defendant's appeal based upon the trial court's failure to accept a plea of guilty to second-degree murder and dismissal of a charge of first-degree murder. The defendant was subsequently convicted of first-degree murder and felony murder.

In reasoning directly applicable to the instant matter, the court concluded that the trial court need not accept a mere conclusory statement of the prosecutor that a dismissal is warranted in the public interest. Rather, it must require a statement of reasons and underlying factual basis. The court analyzed the role of the trial court for these purposes as secondary in nature—

"* * * the role of guarding against abuse of prosecutorial discretion. The rule contemplates exposure of the reasons for dismissal 'in order to prevent abuse of the uncontrolled power of dismissal previously enjoyed by prosecutors,' and in pursuance of this purpose 'to gain the Court's favorable discretion, it should

[1] Rule 48(a), Federal Rules of Criminal Procedure, provides: "The Attorney General or the United States attorney may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant."

be satisfied that the reasons advanced for the proposed dismissal are substantial.' " 162 App. D. C. 33, 497 F. 2d 620.

The court stated in language directly relevant to our determination:

"We now state what, in our view, are the appropriate doctrines governing trial judges in considering whether to deny approval either to dismissals of cases outright or to the diluted dismissal —a guilty plea to a lesser included offense.

"First, the trial judge must provide a reasoned exercise of discretion in order to justify a departure from the course agreed on by the prosecution and defense. This is not a matter of absolute judicial prerogative. * * * The judge's statement or opinion must identify the particular interest that leads him to require an unwilling defendant and prosecution to go to trial.

"* * * As to fairness to the prosecution interest, here we have a matter in which the primary responsibility, obviously, is that of the prosecuting attorney. The District Court cannot disapprove of his action on the ground of incompatibility with prosecutive responsibility unless the judge is in effect ruling that the prosecutor has abused his discretion. The requirement of judicial approval entitles the judge to obtain and evaluate the prosecutor's reasons. * * * The judge may withhold approval if he finds that the prosecutor has failed to give consideration to factors that must be given consideration in the public interest, factors such as the deterrent aspects of the criminal law. However, trial judges are not free to withhold approval of guilty pleas on this basis merely because their conception of the public interest differs from that of the prosecuting attorney. The question is not what the judge would do if he were the prosecuting attorney, but whether he can say that the action of the prosecuting attorney is such a departure from sound prosecutorial principle as to mark it an abuse of prosecutorial discretion." 162 App. D. C. 35, 497 F. 2d 622.

Having reviewed the evidence considered by the grand jury,

the prosecuting authority moved pursuant to Rule 30.01 to dismiss the indictment against Philip Aubol on the ground that there was insufficient evidence to support a conviction, and that rather, in the interest of justice, the weight of the evidence led to his conclusion that defendant did not wilfully and intentionally aid in the murder of the deceased.[2] The defendant joined in the motion to dismiss.

The court was apprised of the foregoing evidence, as well as evidence introduced in support of the motion to dismiss, which included the following: The testimony of defendants Kenneth Aubol and George Gruber that defendant Philip Aubol remained in the truck throughout the shooting; that defendant had knowledge of neither the gun nor the stolen Chrysler; and that defendant did not participate in the disposal of the body. Three medical experts were also present at the hearing and testified that defendant, an epileptic suffering from mild mental retardation, deafness and alcoholism, had taken anticonvulsive medication and a considerable amount of alcohol at the time of the incident. He therefore, in their opinion, was neither responsible for nor could he have been aware of the events at the time of the shooting.

Despite this extensive evidence produced as a factual basis to support the motion to dismiss,[3] the trial court withheld the necessary leave to dismiss. Nevertheless, the court specifically found neither an abuse of prosecutorial discretion nor collusion or deceit on the part of counsel.

We note that in the first instance it is the prosecutor who must

---

[2] See, Minn. St. 609.05.

[3] See United States v. Ammidown, 162 App. D. C. 28, 497 F. 2d 615 (1973); United States v. Greater Blouse, Shirt & Neckwear Con. Assn. 228 F. Supp. 483 (S. D. N. Y. 1964), and United States v. Shanahan, 168 F. Supp. 225 (S. D. Ind. 1959), in support of the requirement, explicit in our Rule 30.01, that the prosecutor state on the record the reasons for the dismissal. This was fully complied with in the instant matter.

approve the initiation of criminal charges by complaint.[4] Rule 2.02, Rules of Criminal Procedure. Implicit in this requirement is a recognition of the broad discretion vested in that office,[5] particularly when compared with the prosecutor's authority to dismiss all charges under a complaint without leave of the court. Rule 30.01, Rules of Criminal Procedure.

However, a somewhat different standard has developed in those cases commencing upon the return of an indictment by the independently functioning grand jury. In that event, the grand jury has concluded that there exists probable cause that an offense has been committed and that the defendant committed it. Rule 18.06, subd. 2, Rules of Criminal Procedure. The prosecutor then must make a careful analysis based upon his independent evaluation of the circumstances and the experience of his office. His decision to dismiss the indictment is therefore to be founded upon that careful exercise of discretion with due regard for the interests of the public as well as those of the defendant. The obvious intent of that portion of Rule 30.01, Rules of Criminal Procedure, requiring an adequate record and judicial scrutiny prior to dismissal with leave of the court is merely to facilitate the court's satisfaction that the prosecutor has neither summarily ignored nor preempted the considered decision of the grand jury without a sufficient factual basis. That factual basis clearly included evidence, upon the prosecution of coindicted defendants, already elicited from the other defendants including the testimony introduced at the full trial of one and the record surrounding the negotiated plea of the other.

Nevertheless, as discussed above, the trial court may not sub-

---

[4] In State v. Mayhood, 308 Minn. 259, 241 N. W. 2d 803 (1976), we cited with approval the A. B. A. Standards for Criminal Justice, Standards Relating to the Prosecution Function, § 3.9(b), which provides that a prosecutor, for good cause, may decline to prosecute, notwithstanding the existence of evidence which would support a conviction.

[5] See, United States v. Fleming, 215 A. 2d 839 (D. C. Ct. App. 1966).

stitute its judgment for that of the prosecutor,[6] but is limited in its function to a determination as to whether the prosecutor has acted improperly. Clearly the lower court exceeded its limited role in concluding, despite a finding that the prosecutor did not abuse his discretion or participate in either fraud or collusion to interfere with the rights of defendant, that the evidence created a factual question requiring jury consideration.

We therefore conclude that the trial court must grant leave to dismiss an indictment when the prosecutor has provided the court with a factual basis and the court is satisfied that the prosecutor has not abused its broad discretion.

For purposes of this petition, the parties herein have stipulated that the evidence is insufficient to support a finding of probable cause to indict this defendant. As dismissal is required upon that basis, future prosecution of the defendant will not be barred if additional evidence is found which would support an indictment. Rule 17.06, subd. 4(3), Rules of Criminal Procedure. At this stage in the proceeding, jeopardy has not attached. See, Comment to Rule 25.02, Rules of Criminal Procedure.

Writ of mandamus shall issue.

---

[6] In Newman v. United States, 127 App. D. C. 263, 264, 382 F. 2d 479, 480 (1967), the court stated: "Few subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be made, or whether to dismiss a proceeding once brought." See, also, United States v. Cowan, 524 F. 2d 504 (5 Cir. 1975).