**John Raymond MANNING, Plaintiff,**

v.

**The Honorable Carroll E. ENGELKES, Judge, Blackhawk County District Court, In His Official Capacity Only, Defendant.**

No. 62521.

Supreme Court of Iowa.

June 27, 1979.

Alfredo G. Parrish, of Parrish & Del Gallo, Des Moines, for plaintiff.

David J. Dutton and James R. Hellman, of Mosier, Thomas, Beatty, Dutton, Braun & Staack, Waterloo, for defendant.

Considered by REYNOLDSON, C. J., and UHLENHOPP, McCORMICK, McGIVERIN and LARSON, JJ.

McGIVERIN, Justice.

Plaintiff John Raymond Manning challenges by way of writ of certiorari the defendant district court's ruling denying the state's motion to dismiss a criminal charge against him. We believe the court acted within its legal discretion and annul the writ.

Manning and Blair Edward Jones were charged in the same trial information with robbery in the first degree in violation of section 711.2, The Code Supp.1977, in connection with the hold-up of a Wareco gas station on May 19, 1978 in Waterloo. Manning actually was the person who held up the station attendant with a sawed-off shotgun. Jones was not present at the robbery scene.

At Jones' trial, Manning testified as a witness for the state. Jones was convicted, presumably on a theory of aiding and abetting Manning.

Thereafter, the state filed a motion to dismiss the case against Manning. The motion alleged: that Manning had consistently maintained that he had been compelled to commit the robbery by Jones' threats; that Manning testified in the companion case of Jones without any promises from the state; that the guilty verdict in Jones' case was based on Manning's credibility as a witness; and that Manning had been forced to commit the crime by Jones and had a defense of compulsion to the robbery charge.

Defendant judge was also the trial judge in the Jones case and therefore was familiar with Manning's testimony.

Manning did not join in the motion, but, understandably, did not resist it.

The state did not ask for oral argument or request the motion be set down for hearing. The motion was not verified or supported by affidavit. No evidentiary record was made. The court ruled on the motion without hearing arguments.

Judge Engelkes overruled the motion to dismiss. Preliminarily reciting that he had been the trial judge in Jones' companion case and had heard the testimony of Manning in that case, the court found "that the facts as heard by this court do not support the State's motion to dismiss and it should therefore be denied."

We granted Manning's petition for writ of certiorari to review the legality of the court's ruling. The state did not resist the petition. Defendant judge was not represented when we considered the petition but is now represented by independent counsel.

Defendant's return on the writ included a transcript of Manning's testimony in the Jones trial. This testimony was considered by the judge in passing on the state's motion to dismiss.

█ Certiorari, unless specifically authorized by statute, lies only when the inferior court or tribunal, exercising judicial functions, is alleged to have exceeded its proper jurisdiction or otherwise acted illegally. Iowa R.Civ.P. 306. Certiorari ordinarily is not triable before us de novo. *Carstensen v. Board of Trustees of the Police Retirement System,* 253 N.W.2d 560, 561–62 (Iowa 1977).

We address the following issues in our review:

1. Whether the judge should have disqualified himself from ruling on the motion to dismiss when he had previously presided over a separate trial of a co-defendant;

2. Whether the court should have set the motion to dismiss for hearing and given notice of hearing to the parties before ruling;

3. Whether the court has discretion under Iowa R.Crim.P. 27(1) to deny the state's motion to dismiss; and

4. Whether the court abused its discretion in denying the state's motion to dismiss in the present case.

The dismissal of pending criminal prosecutions on motion of the court or county attorney is governed by Iowa R.Crim.P. 27(1) which provides:

1. *Dismissal generally; effect.* The court, upon its own motion or the application of the county attorney, in the furtherance of justice, may order the dismissal of any pending criminal prosecution, the reasons therefor being stated in the order and entered of record, and no such prosecution shall be discontinued or abandoned in any other manner. Such a dismissal is a bar to another prosecution for the same offense if it is a simple or serious misdemeanor; but it is not a bar if the offense charged be a felony or an aggravated misdemeanor.

█ It is apparent that only the county attorney and the court may apply or move for dismissal under this rule. Manning, the defendant in the criminal prosecution, could not have moved for dismissal or joined in the state's motion under rule 27(1). Although the state filed the original motion, it is Manning, and not the state, who brought this certiorari action to challenge trial court's authority to deny the state's motion.

Because of the peculiar procedural posture of this case, a question arises as to the standing or entitlement of Manning to issuance of the writ of certiorari where he was not authorized to make or join in the state's motion under rule 27(1). We pass the question because it does not bear on our jurisdiction to decide this case. Neither party briefed nor argued the issue before us. However, for authority generally bearing on the question see *City of Des Moines v. Elliott,* 267 N.W.2d 44, 45 (Iowa 1978) (city allowed certiorari to challenge adverse ruling sustaining defendant's motion to dismiss for lack of speedy trial); *Orr v. Jackson,* 149 Iowa 641, 128 N.W. 958 (1910) (complaining witness allowed certiorari to challenge convicted defendant's release on bail pending appeal of dismissal order on his habeas corpus petition). *But see Metcalf v.*

*Mauldin Manufacturing Co.,* 264 S.C. 196, 213 S.E.2d 729 (1975) (no standing for defendant to appeal denial of plaintiff's motion for voluntary nonsuit); *Blodgett v. McVey,* 131 Iowa 552, 108 N.W. 239 (1906) (certiorari not granted and action of inferior tribunal not annulled absent showing of prejudice); *Mundy v. Warren,* 268 N.W.2d 213, 218 (Iowa 1978) (no standing to appeal alleged instructional error against co-defendant absent showing of prejudice). *See generally* 14 Am.Jur.2d *Certiorari* § 31, at 808; 14 C.J.S. *Certiorari* §§ 47, 50, at 196, 198.

Assuming Manning's entitlement to the writ, we proceed to the merits of the case.

■ I. *Should the judge have disqualified himself?* Plaintiff contends defendant Judge Engelkes was under obligation to recuse himself under Canon 3C(1)(a), Iowa Code of Judicial Conduct, and thereby avoid ruling on the motion altogether. Canon 3C(1)(a) provides in part:

C. Disqualification.

(1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where:

(a) he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; * * *

In *State v. Smith,* 242 N.W.2d 320 (Iowa 1976), we reviewed Canon 3C and concluded that "evidence presented in the trial of a prior cause, or definite views on the law, create no personal bias since they do not stem from an extrajudicial source." *Id.* at 323–24.

Since evidence presented in the trial of the previous Jones case cannot give rise to a "personal bias" which necessitates recusal, trial court's role in the prosecution of plaintiff's co-defendant is not sufficient ground to require recusal.

■■ II. *Should the court have set the motion for hearing?* Plaintiff tangentially asserts trial court was obligated to provide a hearing on the state's dismissal motion to satisfy the requirements of due process un-der Article I, Section 9, Iowa Constitution, and Amendments 5 and 14, United States Constitution. Although the basis for this claim is unclear, it appears plaintiff is asserting the right to a hearing on the recusal issue. The merits of that claim were discussed in division I above. Since Manning could not have made or joined in the motion and, in any event, recusal is not justified on the face of plaintiff's assertions, failure to provide hearing on this issue is not a sufficient basis for sustaining the writ.

We also note plaintiff did not raise this issue in his petition for certiorari before us. We have no obligation to consider issues not raised in the petition.

■ III. *Did the court have discretion to deny state's motion to dismiss?* Under the common law, in absence of a controlling statute or rule of court, the power to dismiss a criminal charge, or enter a *nolle prosequi,* lies in the sole discretion of the prosecutor. *See Bucolo v. Adkins,* 424 U.S. 641, 642, 96 S.Ct. 1086, 1087, 47 L.Ed.2d 301, 303 (1976). 21 Am.Jur.2d *Criminal Law* § 514, at 504.

In many jurisdictions the common law power of the prosecutor has been altered by statutory enactment, rule, or judicial decision to vest some authority over prosecutorial dismissal motions with trial court. *See, e.g., Application of Parham,* 6 Ariz.App. 191, 431 P.2d 86 (1967) (rule); *People v. Tanner,* 151 Cal.Rptr. 299, 587 P.2d 1112 (1978) (rehearing granted Feb. 8, 1979) (statute); *People v. District Court,* 586 P.2d 1329 (Colo.1978) (rule); *State v. Fixaris,* 327 A.2d 850 (Me.1974) (rule); *People v. Nelson,* 66 Mich.App. 60, 238 N.W.2d 201 (1976) (statute); *State v. Aubol,* 309 Minn. 323, 244 N.W.2d 636 (1976) (rule); *State v. Coate,* 558 P.2d 647 (Mont.1976) (statute); *State v. Sanchell,* 191 Neb. 505, 216 N.W.2d 504 (1974), *cert. denied* 420 U.S. 909, 95 S.Ct. 829, 42 L.Ed.2d 839 (1975) (statute); *State v. Ashby,* 43 N.J. 273, 204 A.2d 1 (1964) (rule); *State v. Furmage,* 250 N.C. 616, 109 S.E.2d 563 (1959) (statute); *State v. Trocodaro,* 36 Ohio App.2d 1, 301 N.E.2d 898 (1973), *cert. denied* 415 U.S. 993, 94

S.Ct. 1595, 39 L.Ed.2d 891 (1974) (statute); and *State v. Kenyon,* 85 Wis.2d 36, 270 N.W.2d 160 (1978) (judicial decision). Other jurisdictions, however, continue to follow the common law. *See, e.g., State v. Anonymous,* 32 Conn.Sup. 501, 337 A.2d 336 (1975); *O'Neal v. State,* 247 A.2d 207 (Del. 1968); *State v. Darnell,* 335 So.2d 638 (Fla. App.1976); *State v. Sykes,* 364 So.2d 1293 (La.1978); *Food Fair Stores, Inc. v. Jay,* 283 Md. 205, 389 A.2d 874 (1978); *State v. Hoopes,* 534 S.W.2d 26 (Mo.1976); *State v. Ridge,* 269 S.C. 61, 236 S.E.2d 401 (1977); and *State v. Dopp,* 127 Vt. 573, 255 A.2d 190 (1969).

In Iowa the common law rule has been altered by enactment of Iowa R.Crim.P. 27(1). That this rule by its permissive language vests some discretion in trial court in ruling on prosecutorial dismissal motions is evident by comparison of the language with the related speedy trial provisions of Iowa R.Crim.P. 27(2).[1] In contrast to the language of rule 27(1) providing the court "may order" the dismissal of a pending criminal prosecution, rule 27(2) provides the court "must order" the prosecution to be dismissed.

We have not previously interpreted rule 27(1) to define the judicial role in ruling on prosecutorial dismissal motions. Case law, however, has discussed the judicial role in accepting pleas to lesser offenses.

The Court of Appeals decision in *State v. LeMatty,* 263 N.W.2d 559 (Iowa App.1978), addressed trial court refusal to accept a tendered plea bargain whereby defendant would plead guilty to manslaughter. In upholding trial court's action, the appellate court said:

It is clear that the legal effect of a plea of guilty to the lesser offense of manslaughter, as proposed in the present case, would have constituted a dismissal of the greater charge of murder. Section 795.5, The Code, provides:

> The court, upon its own motion or the application of the county attorney, in the furtherance of justice, may order the dismissal of any pending criminal prosecution, the reasons therefor being stated in the order and entered of record, and no such prosecution shall be discontinued or abandoned in any other manner.

In Dunahoo, Judicial Discretion, 58 Iowa L.Rev. 1023, 1040 (1973), the author states that this statutory provision "contrasts with that in some jurisdictions in which the prosecutor may dismiss the proceeding on his own initiative." We believe that on the record presented in this case the trial court acted within its statutory authority in declining to accept the proffered plea bargain.

*Id.* at 561. Although *LeMatty* is colored by special considerations attendant to judicial acceptance of guilty pleas, *LeMatty* language interpreting the statutory predecessor to rule 27(1), section 795.5, The Code 1977, implies judicial discretion exists in ruling on dismissals outside the guilty plea context.

Both federal and state authorities are in agreement that trial courts acting under authority of statutes or rules similar to rule 27(1) may overrule prosecutorial motions if there has been an abuse of prosecutorial discretion. The applicable federal rule, Fed.R.Crim.P. 48(a),[2] has been construed in

---

1. Iowa R.Crim.P. 27(2) states in part:
 2. Speedy trial. It is the public policy of the state of Iowa that criminal prosecutions be concluded at the earliest possible time consistent with a fair trial to both parties. Applications for dismissals under this subsection may be made by the county attorney or the defendant or by the court on its own motion.
 a. When a person is arrested for the commission of a public offense and an indictment is not found against him within forty-five days, *the court must order the prosecution to*

 *be dismissed,* unless good cause to the contrary is shown or the defendant waives his right thereto.
 b. If a defendant indicted for a public offense has not waived his right to a speedy trial he must be brought to trial within ninety days after indictment is found or *the court must order the indictment to be dismissed* unless good cause to the contrary be shown. (Emphasis added.)

2. Fed.R.Crim.P. 48(a) provides:
 (A) By Attorney for Government. The Attorney General or the United States attorney

the leading case of *United States v. Cowan,* 524 F.2d 504 (5th Cir. 1975), *cert. denied* 425 U.S. 971, 96 S.Ct. 2168, 48 L.Ed.2d 795 (1976), as well as in *In re Washington,* 544 F.2d 203 (5th Cir. 1976), *rev'd sub nom. Rinaldi v. United States,* 434 U.S. 22, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977). Delineating the judicial role under Fed.R.Crim.P. 48(a), as construed by the *Cowan* court, the court in *United States v. Hastings,* 447 F.Supp. 534 (E.D.Ark. 1977) said:

> Despite the paucity of case law in this area a few precedents seem quite clear. There is little question that this Court can reject the government's motion to dismiss charges if it is satisfied that the dismissal is sought in bad faith. A motion to dismiss stemming from collusion between the prosecutor and the accused falls within this category. Likewise, dismissals sought on grounds far afield of the law or facts, even though innocently motivated, would warrant this Court's disapproval. On the other hand, in deference to the primary responsibility of the executive branch to supervise prosecutions, it is generally held that dismissal is warranted if the Court is satisfied that the reasons advanced for dismissal are substantial, supported by a factual basis and are compatible with the public interest.

447 F.Supp. at 536–37. (Citations and footnote omitted.)

State court delineations of the judicial role in prosecutorial dismissals have been somewhat more broad. In *State v. Kenyon,* 85 Wis.2d 36, 270 N.W.2d 160 (1978), the Wisconsin court reviewed its earlier decision of *Guinther v. Milwaukee,* 217 Wis. 334, 258 N.W. 865 (1935), in which the court judicially created a "public interest" standard to guide trial courts in ruling on prosecutorial dismissal motions. The *Kenyon* court commented that:

> may *by leave of court* file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant.
> (Emphasis added.)

The standard that the decision should be "in the public interest" is admittedly broad. *Guinther* sheds little light on the various factors and considerations which may legitimately be included under this rubric. The requirement that a ruling be "in the public interest" logically envisages some consideration of the effect of dismissal or refusal to dismiss on the general welfare. It would be impossible to make an exhaustive list of just what to take into account in this regard. Relevant factors would necessarily be keyed to the specifics of each case. However, in all cases some finding should be made with respect to the impact of the ruling on the public interest in proper enforcement of its laws and the public interest in allowing the prosecutor sufficient freedom to exercise his legitimate discretion, to employ to the best effect his experience and training, and to make the subjective judgment implicit in the broad grant of authority . . . .

270 N.W.2d at 165. *Cf. State v. Aubol,* 309 Minn. 323, 244 N.W.2d 636 (1976) (judicial function requiring determination whether prosecutor acted improperly).

In *Genesee County Prosecutor v. Genesee Circuit Judge,* 391 Mich. 115, 215 N.W.2d 145 (1974), the Michigan court construed a statute requiring prosecutorial dismissals be by leave of court and supported by a prosecutorial statement of reasons to contemplate the following judicial role:

> In deciding whether an examining magistrate acts properly in binding or in refusing to bind over an accused person, and in deciding whether a prosecuting attorney acts properly in deciding not to file an information or in proposing to nolle prosequi, discontinue or abandon a prosecution, the circuit judge reviews the action of the magistrate and prosecuting attorney on the record—the record made

Although in his brief plaintiff Manning relies heavily on federal authorities, the linguistic differences between Fed.R.Crim.P. 48(a) and Iowa R.Crim.P. 27(1) are significant. State statutes and rules, however, are quite often similar to the Iowa rule in more explicitly and expansively stating the judicial role.

before the magistrate at the preliminary examination, and the prosecutor's statement of reasons and "the evidence filed in the case." Such review is a judicial review, searching the record to determine whether the magistrate's or prosecutor's decision is in accord with the law, facts and reason of the matter.

215 N.W.2d at 147.

Although articulation of the judicial role in prosecutorial dismissals differs among jurisdictions, there is a common perception that the courts must consider more than a bare motion in ruling on prosecutorial dismissals. Prosecutorial dismissals are not typically premised on a readily ascertainable legal defect in the proceedings. *But see* Iowa R.Crim.P. 10, subd. 6(b). Trial court, rather, is called upon to evaluate a variety of factors in determining whether the prosecutor has abused his discretion in moving for dismissal. *See People v. District Court,* 586 P.2d at 1329–30; *Aubol,* 244 N.W.2d at 640; *Genesee,* 215 N.W.2d at 147.

By the terms of rule 27(1), our own courts are charged with acting "in the furtherance of justice" in dismissing pending criminal charges and must state reasons supporting such dismissals on the record. We believe that, in order for the courts to fulfill their designated role, the courts must be presented with a more substantial record than the bare motion presented in this case. The prosecutor's motion to dismiss may be supported by the existing record in the case, affidavits, or other evidence which might enlighten the court on the underlying justification for dismissal of a pending criminal charge.

We hold the district court acted within its discretion under rule 27(1) in overruling the state's motion to dismiss the prosecution where the state presented no evidence or record in support of the motion to allow the court to find reasons to justify dismissal in the furtherance of justice. Because the state here presented no record to justify sustaining its dismissal motion, we reserve for a proper case the question as to the boundaries of the court's discretion to overrule prosecutorial dismissal motions under rule 27(I).

In view of this disposition of the case it is unnecessary to consider other contentions urged before us.

The writ of certiorari is annulled.

Costs are taxed to plaintiff.

WRIT ANNULLED.