STATE of Iowa, Plaintiff–Appellant,

v.

Jack AILTS, Defendant–Appellee.

No. 88–29.

Court of Appeals of Iowa.

Oct. 20, 1988.

Thomas J. Miller, Atty. Gen., and Roxann M. Ryan, Asst. Atty. Gen., for plaintiff-appellant.

William J. Lorenz of Welp, Harrison, Brennecke & Moore, Marshalltown, for defendant-appellee.

Considered by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

HAYDEN, Presiding Judge.

The State appeals from a district court order dismissing with prejudice charges against defendant for operating while intoxicated. The State claims its failure to appear and produce evidence at the preliminary hearing should not have resulted in the trial court dismissing the charge with prejudice. For the reasons set out below, we reverse the ruling of the trial court.

I.

The defendant, Jack Ailts, was involved in a traffic accident in October of 1987. A deputy sheriff arrived at the scene and noticed the odor of alcohol about the defendant. The defendant was taken to the hospital, the deputy talked with the defendant in the emergency room and later in-

voked implied consent, at which time the defendant consented to the withdrawal of a blood specimen. As a result of the blood test results, the defendant was charged with operating while under the influence, in violation of Iowa Code section 321J.2 (1987).

The defendant appeared for his initial appearance on October 30, 1987. A preliminary hearing was scheduled for November 9, 1987. The prosecution failed to attend and upon defendant's motion the court dismissed the charges. The State filed a trial information against the defendant on December 2, 1987, however the trial court found the State was barred from proceeding because the earlier dismissal was with prejudice.

## II.

The State generally claims the charge against the defendant should not have been dismissed with prejudice. Specifically, the State contends the dismissal under Iowa Rule of Criminal Procedure 27(1) was not proper because such dismissal may be made only upon motion of the court or the prosecuting attorney not by a motion of the defendant. The State also argues when there is a failure of proof at the preliminary hearing, the complaint may be dismissed, but the State is not precluded from instituting a subsequent prosecution for the same offense.

Our scope of review is errors at law. Iowa R.App.P. 4. To secure a reversal, the State must show the trial court abused its limited discretion. *State v. Edwards*, 279 N.W.2d 9, 10 (Iowa 1979).

## III.

**A. Defendant's Motion to Dismiss.** The State argues the trial court's dismissal of the charge was improper in light of the terms of Rule of Criminal Procedure 27(1) which states in relevant part:

1. **Dismissal generally; effect.** The court, upon its own motion or the application of the prosecuting attorney, in the furtherance of justice, may order the dismissal of any pending criminal prosecution, the reasons therefor being stated in the order and entered of record, and no such prosecution shall be discontinued or abandoned in any other manner....

The defendant acknowledges dismissal under rule 27(1) must be made through either an application of the prosecuting attorney or by the court upon its own motion, but claims the court would have dismissed the charges even without defendant's motion due to the State's failure to present evidence at the preliminary hearing.

In *Manning v. Engelkes*, 281 N.W.2d 7, 9 (Iowa 1979), the supreme court held the rule allows only the county attorney or the court to move for a dismissal and thus, the defendant could not even join in a State's motion. *Manning*, 281 N.W.2d at 9. This rule buttresses the general rule that a crime is an offense against the public and a prosecution may be terminated only by public officers in accordance with established procedure. *State v. Swallom*, 244 N.W.2d 321, 324 (Iowa 1976).

The defendant urges the court would have dismissed regardless of his motion. Thus, apparently, we are to treat the dismissal as one raised on the trial court's own motion. Even if we accept this hypothesis, the defendant does not address how the dismissal of these charges would aid in the furtherance of justice. This court has stated:

> [F]urtherance of justice [means] justice to society [the People] as well as to a criminal defendant.... [A] dismissal which arbitrarily cuts those rights without a showing of detriment to the defendant is an abuse of discretion." ... Indeed, the State is entitled to the same judicial impartiality and fairness as any other litigant in our courts.... Justice requires "a fair opportunity for each side to present its case must be afforded." [Citations omitted.]

*State v. Lundeen*, 297 N.W.2d 232, 235 (Iowa App.1980).

With these precepts in mind, we determine the trial court erred in sustaining defendant's motion to dismiss. We hold the requirements of Rule 27(1) must be

adhered to and when they are not it constitutes an abuse of discretion by the trial court.

This decision should not be interpreted as this court condoning the actions of the Marshall County Attorney's office, which we believe were unfortunate.

Because we reverse and remand on the foregoing issue, we do not find it necessary to address the State's additional assignment of error.

REVERSED AND REMANDED.