## IN THE COURT OF APPEALS OF IOWA

No. 13-0543
Filed May 14, 2014

**ERIC WAYNE DEMPSEY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

    Appeal from the Iowa District Court for Scott County, Paul L. Macek,

Judge.

    A defendant appeals a dismissal of his postconviction-relief petition.

**AFFIRMED.**

    Courtney T. Wilson of Gomez, May, L.L.P., Davenport, for appellant.

    Eric W. Dempsey, Newton, pro se appellant.

    Thomas J. Miller, Attorney General, Kyle P. Hanson, Assistant Attorney

General, Michael J. Walton, County Attorney, and Julie Walton, Assistant County

Attorney, for appellee.

    Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ.

**MULLINS, J.**

Eric Dempsey appeals from a dismissal of his postconviction-relief application. He argues his attorney was ineffective. We affirm the trial court's dismissal of the postconviction-relief application.

## I. BACKGROUND FACTS AND PROCEEDINGS

On April 24, 2008, a complaint was filed against Eric Dempsey charging him with burglary in the second degree, a class "C" felony; assault with intent to commit sexual abuse with bodily injury, a class "D" felony; and possession of burglary tools, an aggravated misdemeanor. James Clements was appointed to represent Dempsey in his trial. On April 28, Clements wrote Dempsey a letter explaining the charges listed in the complaint and the potential sentences Dempsey would be facing. The subsequent trial information charged Dempsey with burglary in the second degree, possession of burglary tools, and assault with intent to commit sexual abuse not resulting in injury, an aggravated misdemeanor. Clements wrote Dempsey on June 26 and enclosed a copy of the trial information. In the letter, Clements told Dempsey "The State ha[d] charged [him] with the same offenses in the complaint."

On June 27, the prosecutor offered Dempsey a plea bargain. The plea bargain would have required Dempsey to plead guilty to possession of burglary tools and assault with intent to commit sexual abuse. The State would then dismiss the charge for burglary in the second degree. Clements sent Dempsey a letter on June 29 explaining the plea agreement, stating that Dempsey "would

plead guilty to the two lesser charges. The State would dismiss the burglary charge." Dempsey rejected this plea agreement.

In order to prepare for trial, Clements moved to authorize depositions. After depositions were granted, Clements scheduled them for July 24. On July 24, before depositions of the alleged victim and additional witness began, the prosecutor rescinded the first plea agreement. The prosecutor immediately offered another plea bargain, stating if Dempsey refused the second offer and the victim was "put . . . through the emotional turmoil of deposition," she would rescind the second offer and amend the trial information with higher charges. The second plea bargain required Dempsey to plead guilty to burglary in the second degree and assault with intent to commit sexual abuse. The State would dismiss the charge for possession of burglary tools. Dempsey agreed to the second plea bargain the same day, and ultimately pled guilty.

On November 10, 2010, Dempsey filed an application for postconviction relief. Among many claims for relief, Dempsey alleged Clements was ineffective when he misinformed Dempsey about the first plea offer. The trial court[1] dismissed Dempsey's application, finding Clements's mistakes were not prejudicial to Dempsey because the prosecution would have rescinded the first plea offer, and even if it had not rescinded, the district court would not have accepted the first plea offer. Dempsey appeals.

---

[1] We will use "trial court" to signify the court that tried the postconviction-relief action and "district court" to refer to the original court that presided over the underlying criminal conviction.

## II.  STANDARD OF REVIEW

We generally review applications for postconviction relief for corrections of errors at law.  *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).  Ineffective-assistance-of-counsel claims, however, raise a constitutional claim.  *Id.*  We review postconviction-relief applications concerning constitutional claims de novo.  *Id.*

## III.  ANALYSIS

Dempsey argues his attorney was ineffective when he led Dempsey to believe the first plea offer was for one felony and one misdemeanor, when it was actually for two misdemeanors.  To prove ineffective assistance of counsel, Dempsey must prove that his attorney performed deficiently and that prejudice resulted.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

### A.  Breach of Duty

Dempsey must show that his attorney's representation fell below an objective standard of reasonableness.  *Id.* at 687–88.  There are two potential actions the attorney performed deficiently.  First, the parties agree the attorney miscalculated Dempsey's possible sentence under the first plea offer.  Second, the parties disagree as to whether the attorney incorrectly advised Dempsey the first plea offer was for a felony and an aggravated misdemeanor, when it was actually for two aggravated misdemeanors.

The attorney thoroughly explained in a letter Dempsey's potential charges, as listed on the complaint.  The complaint listed two felonies and one aggravated misdemeanor.  When the trial information was filed, the prosecution had reduced

one felony to an aggravated misdemeanor, resulting in Dempsey facing one felony and two aggravated misdemeanors. However, when the attorney wrote Dempsey to advise him on the trial information, he stated "The State has charged you with the same offenses as in the complaint." Although the attorney enclosed a copy of the trial information, the letter led Dempsey to believe he was still facing two felonies and one aggravated misdemeanor. The first plea agreement allowed Dempsey to plead guilty to two aggravated misdemeanors—one for possession of burglary tools and one for assault with intent to commit sexual abuse. The assault count was the charge Dempsey erroneously believed to be a felony.[2] When the attorney advised Dempsey of this first plea offer, he vaguely stated Dempsey "would plead guilty to the two lesser charges. The State would dismiss the burglary charge." It is reasonable to read the attorney's explanation of the plea offer and still believe the assault charge was a felony. Burglary in the second degree is a class "C" felony, while assault with intent to commit sexual abuse causing bodily injury is a "lesser" felony—a class "D" felony. *Compare* Iowa Code § 713.5, *with* § 709.11.

Reviewing the record makes clear that it was not unreasonable for Dempsey to believe his assault charge was a felony, and therefore, the first plea agreement would have required him to plead guilty to a felony. "[D]efense

---

[2] Iowa Code § 709.11 states that

> [a]ny person who commits an assault, as defined in section 708.1, with the intent to commit sexual abuse is guilty of a class "C" felony if the person thereby causes serious injury to any person and guilty of a class "D" felony if the person thereby causes any person a bodily injury other than a serious injury. The person is guilty of an aggravated misdemeanor if no injury results.

counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012). The attorney failed to adequately advise Dempsey about his plea offer because he miscommunicated the potential prison sentence and the charges. The attorney's performance constitutes a breach of duty.

### B. Prejudice

In order to establish prejudice, Dempsey must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Since the attorney's ineffective advice resulted in a rejected plea offer, Dempsey must demonstrate there is a reasonable probability that (1) he "would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel," (2) "the plea would have been entered without the prosecution canceling it," and (3) the trial court would have accepted the plea. *Frye*, 132 S. Ct. at 1409–10.

We focus our analysis on the third prong of the prejudice test because we find it dispositive. When determining whether there is a reasonable probability the district court would have accepted the first plea bargain, the trial court stated, "the court universally defers making a final decision on accepting or rejecting the plea agreement until a presentence investigation or records check is obtained." In the context of this case, it is clear the court was referencing both charging decisions and sentencing recommendations.

There is no doubt courts have discretion to refuse or accept a guilty plea, but "plea agreements are not solely within the realm of courts." *State v. Hager*, 630 N.W.2d 828, 833–34 (Iowa 2001); *see also United States v. Robertson*, 45 F.3d 1423, 1437–38 (10th Cir. 1995). Plea agreements combine the roles of two branches of government: the judiciary and the executive. *Hager*, 630 N.W.2d at 834. "The doctrine of separation of powers compels the judiciary to give respect to the independence of the executive branch." *Id.* Plea agreements that "impact sentencing powers of courts generally fall within the discretion of the court [while] plea bargains which involve charging decisions are primarily within the discretion of the prosecutor." *Id.*

Even when the plea agreement gives no sentencing recommendation and instead presents the prosecutor's plan to dismiss one of the defendant's charges, as in this case, the court still holds some discretion. *See* Iowa R. Crim. P. 2.10(2) ("[I]f the agreement is conditioned upon concurrence of the court in the *charging or sentencing concession* made by the prosecuting attorney, the court *may* accept or reject the agreement . . . ." (emphasis added)). The court also has discretion once the prosecutor moves to dismiss a prosecution. Iowa R. Crim. P. 2.33(1); *State v. Taeger*, 781 N.W.2d 560, 566 (Iowa 2010) (stating a court may overrule a motion to dismiss by the prosecution when there is an abuse of prosecutorial discretion, the dismissal is sought in bad faith, or the dismissal was sought "on grounds far afield of the law or facts"); *Manning v. Engelkes*, 281 N.W.2d 7, 11 (Iowa 1979) (stating Iowa courts must act "in the furtherance of justice" when dismissing pending criminal charges).

To determine this issue, we must balance the separation of powers doctrine and the court's discretionary function. The trial court in this postconviction-relief proceeding found that "it is not probable that a sentencing court would have accepted a plea agreement that allowed for a mere four or even six years in prison." Essentially, the trial court in this case was deciding that any other judge would have exercised its discretion to reject the first plea agreement, if Dempsey had accepted it. We do not agree that the decision is as clear as the trial court found. We do not know the specific reasons why the prosecutor offered the first plea agreement. Even though the court has some discretion to accept or reject a plea agreement, the prosecution is in a better position to know "which charges are best initiated at which time, . . . which allocation of prosecutorial resources is more efficient, . . . [and] the relative strengths of various cases and charges." *United States v. Miller*, 722 F.2d 562, 565 (9th Cir. 1983). The record before us does not disclose what information the district court would have had before it to determine whether to accept Dempsey's first plea agreement. The prosecution had some reason for offering the first plea agreement and could have explained those reasons to the court.

It was Dempsey's burden to develop sufficient facts to support a determination that there is a reasonable probability the district court would have accepted the first-offered plea agreement. Without sufficient proof of the information that would have been available to the plea-taking court, we cannot determine whether there is a reasonable probability a court would have accepted

the plea. Dempsey has therefore failed to carry his burden to prove he was prejudiced by his attorney's ineffective advice.

Accordingly, we affirm dismissal of Dempsey's postconviction-relief application.

**AFFIRMED.**