**STATE of Minnesota, Appellant,**

v.

**John Edwin CARLSON, Respondent.**

**No. C8–87–402.**

Court of Appeals of Minnesota.

June 23, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael Lynch, Kandiyohi Co. Atty., Warren A. Kochis, Asst. Kandiyohi Co. Atty., Willmar, for appellant.

C. Paul Jones, State Public Defender, Cathryn Young Middlebrook, Asst. Public Defender, Minneapolis, for respondent.

Considered and decided by LANSING, P.J., and HUSPENI and RANDALL, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

In a pretrial order the trial court denied the admission of hearsay statements. It also denied the State's request to stay the proceedings while the State appealed the evidentiary ruling. While we note the trial court's error in refusing to stay the proceedings pursuant to Minn.R.Crim.P. 28.04, we affirm.

## FACTS

While conducting an undercover investigation in July 1986, Minnesota Bureau of Criminal Apprehension (BCA) agents met with Robert Svobodny, who told the agents he had a stolen video camera for sale. Svobodny told the agents he had obtained the camera from an associate named Carlson.

A search of Svobodny's home produced a video camera with the same serial numbers as a camera that had been reported stolen from a retail outlet. Svobodny was arrested and questioned by BCA agents. Svobodny told the agents that he had received the camera from an associate with the last name of Carlson, that Carlson stated he took the camera from a store, and that he knew Carlson dealt in stolen property.

A complaint was issued against respondent, John Carlson, for felony theft, and the matter was set for trial on February 8, 1987. The Kandiyohi county attorney subpoenaed Svobodny and had the sheriff serve the subpoena at Carlson's residence. The county attorney did not confirm that Svobodny actually received the subpoena. In fact, the subpoena was returned to the court administrator indicating Svobodny was incarcerated at the federal penitentiary in Duluth, Minnesota. The trial was rescheduled due to Carlson's illness, and

the county attorney again requested that Svobodny be served with a subpoena at his residence. Once again Svobodny did not receive the subpoena. The sheriff's department had received a letter dated February 4, 1986, from the sheriff's department in Duluth confirming Svobodny's whereabouts. The county attorney, however, was unaware of this letter and did not learn that Svobodny was in prison and had not received his subpoena until the morning of the trial.

Prior to the start of the trial, Carlson moved to suppress any statements made by Svobodny to the agents. The trial court granted this motion finding that Svobodny was an available witness and that his statements to the agents did not qualify under any of the hearsay exceptions.

The county attorney immediately gave oral notice that it would appeal the trial court's order under Minn.R.Crim.P. 28.04 and asked the trial court to stay the proceedings. The trial court refused to order a stay.[1] The county attorney informed the trial court that he could not establish a prima facie case against Carlson without Svobodny's statements. The trial court then dismissed the complaint.

## ISSUE

Did the State show clearly and unequivocally that the trial court's pretrial ruling was erroneous and that unless it is reversed it will have a critical impact on the trial?

## ANALYSIS

█ In a pretrial appeal, this court will reverse the trial court only if the State shows clearly and unequivocally that the trial court erred in its judgment and that the error will have a critical impact on the

---

1. Minn.R.Crim.P. 28.04, subd. 2(1) provides:
    (1) **Stay.** Upon oral notice that the prosecuting attorney intends to appeal a pretrial order, the trial court shall order a stay of proceedings of five (5) days to allow time to perfect the appeal.
   The Rule states that the trial court "shall order a stay." This language is mandatory. *See* Minn. Stat. § 645.44, subd. 16 (1986). A stay in these instances is necessary to prevent prejudice to

the parties and to give effect to the Rule. The trial court in this case erred in not ordering a stay as the rule required. However, the State did not petition this court for a writ of mandamus to compel the trial court to order the stay, which would have provided a more expedient means of obtaining review of this issue. Instead, the State has appealed the pretrial ruling. We will address the merits of the appeal.

outcome of the trial. *State v. Kim*, 398 N.W.2d 544, 547 (Minn.1987). In the present case we must conclude that the State has failed to show that the trial court's suppression ruling was erroneous. Therefore, we will not reverse the ruling.

When the State learned that Svobodny would not be in court to testify, it attempted to introduce his statements to the BCA agents. The State argued that the statements were exceptions to the hearsay rule and admissible under Minn.R.Evid. 804(b)(3) and (5). The trial court determined that these exceptions did not apply because under Rule 804, the declarant must be unavailable and Svobodny was available.

Under Rule 804(a):

"Unavailability as a witness" includes situations in which the declarant—

(1) is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of his statement; or

(2) persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so; or

(3) testifies to a lack of memory of the subject matter of his statement; or

(4) is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or

(5) is absent from the hearing and the proponent of his statement has been unable to procure his attendance (or in the case of a hearsay exception under subdivision (b)(2), (3), or (4), his attendance or testimony) by process or other reasonable means.

None of these situations exist in the present case. Svobodny was absent from the trial because of a breakdown in communication in the county attorney's office. His presence could have been assured if the county attorney had confirmed service of the subpoena on one of its key witnesses. Such circumstances do not constitute unavailability under Rule 804(a). Considering these facts, the trial court did not err in suppressing the statements.

## DECISION

The trial court did not err in suppressing certain hearsay statements.

Affirmed.

RANDALL, J., concurs specially.

RANDALL, Judge, concurring specially.

I concur in the result, but disagree with the majority's footnote conclusion that the trial court erred by not ordering a stay. It is correct, as the majority states, that the language of Minn.R.Crim.P. 28.04, subd. 2(1), taken literally, provides for a mandatory stay. However, all rules have to be construed with reasonableness. It is not reasonable to allow the prosecution to delay until minutes before a trial is to commence, and then invoke its right to stay the entire proceedings.

An examination of the Rules of Criminal Procedure demonstrates clearly that the intent in framing the rules governing pretrial motions, suppression issues, and other matters handled at the omnibus hearings, was that those matters be handled in advance of the actual trial. Under Minn.R. Crim.P. 8.04(c) the omnibus hearing, at which the kind of issue presented here would be decided, is mandated to be on a date "not later than fourteen (14) days after the defense's initial appearance before the court." This time limit can be waived to serve the convenience of court and counsel, but the rule implies that evidentiary and suppression issues will be heard well in advance of trial. Felony trials just do not commence within 15–16 days of the first appearance.

Even if a defendant demands a speedy trial, the court has up to 60 days to commence that trial, and that 60 days cannot run any earlier than the date of the not guilty plea. Minn.R.Crim.P. 11.10. Thus, taking into account Rule 8.04 governing scheduling of omnibus hearings, and Rule 11.10 governing the trial date, the only logical conclusion is that pretrial motions are to be heard in advance of trial, giving both sides adequate opportunity to prepare

the case based on the judge's decision on those pretrial rulings.

If the State were relying on some type of local custom whereby certain pretrial issues were discussed just before trial, it had an obligation, if it intended to invoke its right under R.Crim.P. 28.04, to notify the court and defense counsel of its intention in advance so the court's ruling could be handed down in advance of the trial date.

Here, a trial date was set. The defendant and his attorney were required to be there and to have their witnesses ready to proceed. It gives the prosecution an unfair advantage if it can delay its decision to invoke a stay, if an evidentiary ruling goes against the State, and not notify the court and defense counsel until just before the trial is to commence.

Also, although the precise issue of the State's good faith is not before the court, I question the seriousness of the State's contention that Svobodny was not an available witness because he was incarcerated. If there are any people over whom the State of Minnesota has control and the ability to dictate their movements, it is people incarcerated in prisons in this state. A careful examination of Minn, R. of Evid. 8.04(a) reveals nothing even remotely close to the State's contention that because somebody is in prison his hearsay statements can go to a jury, thus denying the defendant the right of confrontation and cross examination.

On the special facts of this case, I would have found, as the majority did, that the witness was not unavailable, but would also have found that the trial court did not err in not ordering a stay on the day of trial.