**STATE of Minnesota, Respondent,**

v.

**Robert George KASPER, Appellant.**

**No. C6–86–968.**

Supreme Court of Minnesota.

Aug. 28, 1987.

Robert Q. Dickie, Stillwater, for appellant.

Mark Lystig, Asst. Dakota Co. Atty., Hastings; Richard M. Arney, Washington Co. Atty., Stillwater; Hubert H. Humphrey, III, Atty. Gen., St. Paul, for respondent.

WAHL, Justice.

This case is before us on a certified question from Washington County District Court in a DWI misdemeanor prosecution: "Should the State's complaint against defendant be dismissed because of the State's failure to afford defendant a speedy trial pursuant to Minn.R.Crim.P. 6.06?" We answer the question in the affirmative and reverse the trial court's denial of defendant's motion to dismiss.

Defendant Robert Kasper was arrested for driving while intoxicated on December 4, 1985. The tab charge cited violations of Minn.Stat. § 169.121, subd. 1(a), (d), and (e) (Supp.1985) (driving under the influence of alcohol, driving with alcohol concentration of 0.10 or more, driving when alcohol concentration as measured within two hours of driving is 0.10 or more). Defendant's breath test showed an alcohol concentration of 0.20. On the date set for the first appearance, December 20, 1985, defendant did not appear, and a bench warrant, later recalled, was issued for his arrest. On January 13, 1986, defendant's attorney wrote to the district court requesting entry of a plea of not guilty, requesting a date for a pretrial hearing, and requesting a speedy trial within 60 days pursuant to Minn.R.Crim.P. 6.06. This letter was sent to the clerk of court and a copy of the letter appeared in the county attorney's file though there is no indication of when the letter was provided to the county attorney. Defendant's attorney wrote to the county attorney on February 3, 1986, referring to the entry of the not-guilty plea and requesting discovery and a pretrial evidentiary hearing. At a pretrial hearing on February 21, 1986, a trial date of April 14, 1986 was set. The state indicated that its sole witness would be the state trooper who had made the arrest.

On March 12, 1986, the state moved for a continuance on the ground that the state trooper would be unavailable to testify on the date set for trial but would return to the state two days later. The trial court initially granted the motion, when neither the defendant nor his attorney appeared due to a failure of notification of defendant's attorney. On March 20, the trial court reconsidered and denied the motion after argument by defendant's attorney and the assistant county attorney. The state thereafter requested dismissal of the charges and on March 27, 1986, the day the charges were dismissed, brought a formal complaint alleging the same charges.

Defendant was arraigned on the complaint on April 11, 1986. He pleaded not guilty and requested a public defender. At a pretrial conference on May 16, 1986, his new attorney moved for dismissal on grounds of denial of a speedy trial and double jeopardy. The trial court took the motion under advisement and set a trial date for June 2, 1986. On June 2, the trial court denied the motion. The court granted a continuance, however, to allow an appeal on the issue of denial of a speedy trial and certified the question which is before us. Defendant agreed to hold his

right to a speedy trial in abeyance from that date.

The question we must answer is whether the state failed to afford defendant a speedy trial pursuant to Minn.R.Crim.P. 6.06 so as to warrant dismissal of charges.

The right to a speedy trial is guaranteed to all criminal defendants in this state by the sixth and fourteenth amendments to the United States Constitution, and by article 1, section 6 of the Minnesota Constitution. It is a right as important to those charged with misdemeanors as it is to those charged with more serious crimes. The United States Supreme Court has found "no constitutional basis for holding that the speedy trial right can be quantified into a specified number of days or months" but has recognized that the states are free to prescribe a reasonable period consistent with constitutional standards. *Barker v. Wingo*, 407 U.S. 514, 523, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101 (1972).

Minnesota has prescribed a reasonable time period to effectuate the speedy trial right by the Minnesota Rules of Criminal Procedure, Rule 6.06 (misdemeanors) and Rule 11.10 (felonies and gross misdemeanors). Since defendant was tab charged with misdemeanor offenses, the trial of those charges is governed by Rule 6.06, which sets out the relevant time period as follows:

### Rule 6.06. Trial Date in Misdemeanor Cases

A defendant shall be tried as soon as possible after entry of a not guilty plea. On demand made in writing or orally on the record by the prosecuting attorney or the defendant, the defendant shall be tried within sixty (60) days from the date of the demand unless good cause is shown by the prosecution or defendant why he should not be brought to trial within that period. The time period shall not begin to run earlier than the date of the not guilty plea. * * *

Thus a defendant must be tried within 60 days of the demand unless good cause is shown for not doing so. The defendant in this case requested a speedy trial in writing on January 13, 1986, in the letter to the clerk of court by which his attorney entered his not guilty plea pursuant to Tenth District Rules of Court, Rule 13.02, subd. 2. The trial had not occurred by June 2, 1986, which was 140 days later, considerably past the 60 days required by the rule.

■ The state argues that different dates should be used in the calculation. It says that the defendant did not notify the prosecutor of his demand for a speedy trial until March 20 when he argued against a continuance. However, a copy of the January 13 letter to the clerk of court containing the demand was present in the prosecutor's file and we have no reason to believe the prosecutor did not receive the copy in a timely manner.[1] While the defendant should have served the prosecutor with a copy of his demand letter as required by Minn.R.Crim.P. 33.01, under these circumstances we hold that the defendant's demand sent to the clerk of court was adequate, which makes January 13, 1986, the date of the demand.

■ The state also argues that the 60 days required by the rule should be calculated afresh for the formal complaint. We agree with the recommendation of the ABA Standards for Criminal Justice that if charges are dismissed by the prosecutor and new charges are brought, the time period should not start again from zero with the new complaint. *See* ABA Standards for Criminal Justice 12–2.3(f) and commentary (1986). The defendant had been arrested, charges had been filed, he had not yet been tried, the charges were continuously hanging over his head and he had done nothing to delay the trial. The dismissal and refiling of the charges did

---

1. It has been held in some jurisdictions, with respect to the right to a speedy trial under the United States Constitution, that a demand sent to the wrong official is valid for asserting the right to a speedy trial. *See* Rudstein, *The Right to a Speedy Trial*, 1975 U.Ill.L.F. 11, 37 and nn.

134–35 (1975), citing, *e.g., Chauncey v. Second Judicial Dist. Ct.*, 474 F.2d 1238, 1239 (9th Cir. 1973); *Wylie v. Wainwright*, 361 F.Supp. 914, 916 (S.D.Fla.1973); *State v. Otero*, 210 Kan. 530, 534, 502 P.2d 763, 766 (1972).

not shorten his wait for trial and so should not affect the calculations.

A prosecutor may, under the rule, show good cause why a defendant should not be brought to trial within the 60–day period but in this case no such good cause has been shown. The prosecutor did bring a motion before the trial court on March 19, 1986, for a continuance of the trial date which had been set because the state's one and only witness, the arresting officer, was going to be out of the state and unavailable. Defendant was neither present nor represented at that hearing because his attorney had not been notified, and the state's motion was granted. The next day the trial court reconsidered the motion, hearing arguments by defendant's attorney and by the prosecutor, and denied the motion. The state did not appeal this order denying a continuance, which ended its case, as it might have done under Rule 28.04, Minn.R.Crim.P.

Instead the prosecutor dismissed the tab charges on March 27, 1986, and at the same time filed a formal complaint alleging the same charges. There was no such legal maneuvering in *State v. Jones,* 392 N.W.2d 224 (Minn.1986). To permit the prosecution of defendant to continue under these circumstances would be to permit the circumvention of Rule 6.06, a clear and workable rule which sets out a reasonable period of time and a simple and fair procedure to protect a defendant's right to a speedy trial.

We hold that defendant was denied a speedy trial under Rule 6.06 and answer the certified question in the affirmative. The state's complaint against defendant must be dismissed with prejudice because of the state's failure to afford defendant a speedy trial pursuant to Minn.R.Crim.P. 6.06. We reverse the trial court's denial of defendant's motion to dismiss the complaint.

Certified question answered in the affirmative.

Reversed.