STATE of Minnesota, Respondent,

v.

**Richard Dennis SCHARFENCAMP, Appellant.**

No. CX–87–1258.

Court of Appeals of Minnesota.

Dec. 22, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Bob B. Ebbesen, Redwood Co. Atty., Kevin E. Passe, Asst. Co. Atty., Redwood Falls, for respondent.

Tristam O. Hage, Minneapolis, for appellant.

Heard, considered and decided by PARKER, P.J., and FOLEY and WOZNIAK, JJ.

## OPINION

PARKER, Judge.

This appeal is from a judgment of conviction for misdemeanor DWI, Minn.Stat. § 169.121, subd. 1(d) (1986). We reverse and remand for a new trial.

## FACTS

Appellant Richard Scharfencamp was stopped in Redwood Falls on December 24, 1986, after a police officer saw his pickup truck cross over the center line three times. Officer Bruce Anderson testified that he detected the odor of alcohol on Scharfencamp's breath and that Scharfencamp's eyes were bloodshot. He administered three field sobriety tests, two of which Scharfencamp failed.

Anderson brought Scharfencamp to the police station where, after the implied consent advisory, he agreed to a blood test. He was then driven to the Redwood Falls hospital and a nurse drew his blood. Anderson could not remember specifically bringing with him the appropriate Bureau of Criminal Apprehension (BCA) blood sample kit, which was kept at the police station. He testified that the BCA kit has a vial with a gray stopper.

The state served notice under Minn.R. Crim.P. 7.01 that it had blood-test evidence against Scharfencamp. Scharfencamp demanded an evidentiary hearing on the admissibility of the blood test results. *See* Minn.R.Crim.P. 5.04, subd. 4. At the pretrial hearing on the admissibility of the test, he served a demand for the production of the nurse's testimony and live testimony from the BCA. *See* Minn.Stat. § 634.15, subd. 2 (1986). The pretrial hearing was canceled when Scharfencamp agreed he had "no constitutional objection, nor any objection under [the implied consent law]" to the admissibility of the blood test.

Meanwhile, at the implied consent license revocation proceedings, the nurse testified that she had used a brown-stoppered vial

from hospital supply rather than the gray-stoppered BCA vial to store the blood sample. Scharfencamp obtained expert testimony from a former BCA analyst, as the parties stipulated at trial, that the gray-stoppered vials contain chemicals unique to blood-alcohol testing.

After the implied consent hearing, Scharfencamp waived the presence of the BCA analyst, Debra Springer, which he had earlier demanded. The day of trial, however, Scharfencamp learned the nurse would testify, contrary to her testimony at the implied consent hearing, that she had used a gray-stoppered vial. Scharfencamp then moved for a continuance because the state could not produce Springer, whose testimony Scharfencamp was again demanding. The state took no position on the motion for a continuance. The court denied the motion.

Scharfencamp then waived a jury trial, and the court heard the matter based on the arresting officer's testimony as well as the stipulated testimony of the nurse and Scharfencamp's expert witness. The court found Scharfencamp guilty of driving with blood alcohol over .10.

## ISSUE

Did the trial court abuse its discretion in denying appellant's motion for a continuance?

## DISCUSSION

The decision to grant a continuance is within the trial court's sound discretion and will be reversed only on a showing that the court abused its discretion. *State v. Turnipseed*, 297 N.W.2d 308, 311 (Minn.1980). In *Turnipseed* there was a day-of-trial disclosure that a listed prosecution witness was unavailable. The court, noting both the state of the evidence and defendant's earlier tactical decision not to subpoena the absent witness, stated:

> The reviewing court must examine the circumstances before the trial court at the time the motion was made to determine whether the trial court's decision

prejudiced defendant by materially affecting the outcome of the trial.

*Id.*

In *Turnipseed* the missing witness' testimony would only have corroborated another witness' testimony on a line of defense the defendant did not even pursue at trial. *Id.* In this case, however, Springer's testimony could have been critical to establishing the validity of the blood alcohol test, because the state did not contest the testimony of Scharfencamp's expert that the test was valid only if performed with a gray-stoppered vial. *Cf. Beyer v. Commissioner of Public Safety,* 358 N.W.2d 713, 715–16 (Minn.Ct.App.1984) (affidavit of BCA expert that Breathalyzer ampule should be wiped clean was not so material as to require a continuance to allow defendant to obtain it).

Scharfencamp had a statutory right to compel the state to produce Springer's testimony. *See* Minn.Stat. § 634.15, subd. 2(a). He plainly waived that right in reliance on the nurse's testimony at the implied consent hearing. (Scharfencamp did not stipulate to the validity of the BCA analysis or waive that objection to admissibility.) A misdemeanor defendant is not in the usual case entitled to discovery of the statements of prosecution witnesses. *See* Minn.R.Crim.P. 7.03, 9.01. A DWI defendant, however, may obtain the equivalent of discovery through the implied consent hearing, as Scharfencamp did here.

Scharfencamp has not shown that Springer's testimony would have been favorable to him—that she would have testified the blood sample came in a brown-stoppered vial and the test was therefore invalid. Springer, as the state notes, more likely would have testified the stopper was gray, either from memory or from a general practice not to test samples stored in non-BCA vials.

We do not believe, however, that Scharfencamp is required to show that a continuance would have enabled him to obtain favorable testimony. *Cf. State v. King,* 414 N.W.2d 214 (Minn.Ct.App.1987) (defendant claiming constitutional error in denial of continuance to obtain a witness must show witness would have provided favorable, noncumulative evidence). Scharfencamp's claim for a continuance is based not on general due process rights, but on the explicit statutory right to demand BCA testimony. *See* Minn.Stat. § 634.15, subd. 2.

In the ordinary case where the defendant seeks a continuance to obtain a witness, the witness' absence on the day of trial is not totally induced by the actions of the state. *See Turnipseed,* 297 N.W.2d at 311 (witness listed on state's prospective witness list was not subpoenaed by defense counsel for tactical reasons); *State v. Bell,* 275 Minn. 541, 543, 146 N.W.2d 597, 599 (1966) (defendant presumably would have obtained witness earlier if his testimony were favorable).

Scharfencamp was undoubtedly surprised by the nurse's change of testimony revealed on the day of trial. We think the better rule is that such a total, last-minute change in the testimony of a critical prosecution witness entitles defense counsel to reassert the statutory demand for BCA testimony to obtain a continuance to adjust counsel's trial strategy. The trial court's denial of Scharfencamp's motion for a continuance was an abuse of discretion even without a showing that the BCA testimony would have been favorable to Scharfencamp.

**DECISION**

Reversed and remanded.