**STATE of Minnesota, Appellant,**

v.

**McArthur NMN STROUD, Respondent.**

**No. C7–90–854.**

Court of Appeals of Minnesota.

Aug. 14, 1990.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Beverly J. Wolfe, Asst. County Atty., Appellate Section, Minneapolis, for appellant.

Mark A. McDonough, McDonough, Vandelist & Wagner, P.A., Apple Valley, Charles F. Gegen, Gegen & Gegen Law Firm, Lakeville, for respondent.

Considered and decided by KALITOWSKI, P.J., and SCHUMACHER and THOREEN *, JJ.

## OPINION

KALITOWSKI, Judge.

Respondent was charged with criminal sexual conduct and requested a speedy trial. The state requested a continuance necessary to obtain the results of DNA testing from the FBI laboratory. When this was denied, the state requested a stay to perfect its appeal of the denial; this request also was denied. Both denials are appealed.

## FACTS

On November 23, 1989, a woman was attacked and raped in an Edina office complex in which she was employed to clean during the evenings. The victim's head was covered by an athletic jacket during the attack and she could only give the police a general description of her attacker. The victim described the knife used in the attack as a "Rambo" type knife with a serrated edge. Police investigated and found that respondent was one of four men who had access to the building and who fit the general description of the attacker.

Respondent was arrested as a result of an incident occurring on January 25, 1990, when he allegedly followed a woman to an apartment building in Bloomington. The woman went into the building and respondent hid in the back of her car. When discovered by the woman's friend, respondent threatened him with a "Rambo" type knife.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

Evidence from the second incident led the state to charge respondent in the offense at issue. The evidence linking respondent to the first offense includes his access to the office complex on the date of the offense, his resemblance to the description of the attacker, and the same type of knife used in both offenses. In addition, respondent's blood test indicated that he has blood type B, secretor status, which was also determined by the Bureau of Criminal Apprehension to be the blood type of the attacker.

Respondent demanded a speedy trial at the time of the combined probable cause hearing. Trial on the first offense was scheduled for April 16, 1990. The state requested a two month continuance beyond the 60 day speedy trial limit to allow time to receive the results of DNA testing performed by the FBI. The state supported its request with an affidavit that the FBI had received the sample for DNA testing, that there was a four to six week waiting period to begin testing due to the volume of requests, and that the test procedure takes between eight and ten weeks.

Because a continuance of the trial until the test results were received would have prevented respondent from receiving a trial within 60 days of his speedy trial demand, the trial court denied the continuance and ordered that trial begin as scheduled. The state notified the trial court of its intent to appeal and requested a stay of proceedings to perfect its appeal. The stay was denied.

The state appealed the order denying a continuance and petitioned this court for a writ prohibiting the trial court from proceeding to trial. This court granted the writ and issued a subsequent order granting a stay of trial proceedings. On April 24, 1990, this court accepted jurisdiction of the appeal.

### ISSUES

I. Is the denial of a request for a continuance which has a critical impact on the state's ability to successfully prosecute respondent an appealable order?

II. Did the trial court abuse its discretion in denying the continuance?

III. Did the trial court err in denying the motion for a stay of proceedings to allow the state to perfect its appeal?

### ANALYSIS

I. Appealability.

 The Minnesota Supreme Court has acknowledged that the state may in some cases appeal an order denying a motion for a continuance. *State v. Kasper*, 411 N.W.2d 182, 185 (Minn.1987). The rules of criminal procedure provide that the prosecuting attorney may appeal as of right to the court of appeals in any case from any pretrial order except an order dismissing a complaint for lack of probable cause. Minn.R.Crim.P. 28.04, subd. 1.

Appellate courts, in a pretrial appeal, will reverse the trial court only if the state can prove clearly and unequivocally both that the trial court erred and that the error will have a critical impact on the trial. *State v. Kim*, 398 N.W.2d 544, 547 (Minn.1987) (citing *State v. Webber*, 262 N.W.2d 157, 159 (Minn.1977)).

The supreme court reiterated the critical impact analysis in *State v. Ronnebaum*, 449 N.W.2d 722 (Minn.1990), which involved the suppression of defendant's confession of criminal sexual conduct. The supreme court found that, regardless of the strength of the state's remaining case, suppression of the confession would have a critical impact on the trial. *Ronnebaum*, 449 N.W.2d at 724. The state need not show that suppression of the evidence will completely destroy its case, but need only show that suppression of the evidence significantly reduces the likelihood of a successful prosecution. *Kim*, 398 N.W.2d at 551. Denial of the continuance here effectively suppresses the DNA evidence which has vital importance to the prosecution of this crime. *State v. Schwartz*, 447 N.W.2d 422, 427 (Minn.1989).

The supreme court has found DNA testing to be generally accepted by the scientific community under the *Frye* standard. *Id.* at 424–25. DNA testing reveals distinctive patterns in an individual's genetic

makeup and provides a statistical correlation between a defendant's DNA and that of a sample recovered in a criminal investigation. Here, the DNA evidence may confirm physical evidence which allegedly links appellant to the charged offense. The denial of the continuance, which precludes the use of DNA test results in this prosecution, has a critical impact on the trial under the *Ronnebaum* analysis.

## II. Denial of Continuance.

The decision whether to grant a continuance is within the trial court's discretion and will be reversed upon a showing that the trial court abused its discretion. *State v. Scharfencamp*, 416 N.W.2d 825, 826 (Minn.App.1987) (citing *State v. Turnipseed*, 297 N.W.2d 308, 311 (Minn.1980)). *Scharfencamp* involved a request for a continuance by the defendant rather than the state, but the court found that Scharfencamp was not "required to show that a continuance would have enabled him to obtain favorable testimony." *Scharfencamp*, 416 N.W.2d at 827. The trial court in this case denied the continuance on the basis that the state could not show that the DNA test results would be favorable to the state's case and admissible at trial.

In evaluating a request for a continuance, the test is whether the denial of a continuance prejudices the outcome of the trial. *State v. Jones*, 451 N.W.2d 55, 61–62 (Minn.App.1990) (citing *State v. Vance*, 254 N.W.2d 353, 358–59 (Minn.1977)). The state acted promptly to submit the sample to the FBI for DNA testing. The state is limited in options for testing centers by the supreme court's determination that:

> Admissibility of specific [DNA] test results in a particular case hinges on the laboratory's compliance with appropriate standards and controls, and the availability of their testing data and results.

*State v. Schwartz*, 447 N.W.2d 422, 428 (Minn.1989). *See also* Minn.Stat. § 634.25 (Supp.1989) (DNA test results are admissible if they meet the standards set forth in the Rules of Evidence). The delay in testing at the FBI facility is outside the control of the state. The test results are material to the prosecution because they will implicate or exonerate respondent in the offense. The state urges that the DNA test results have added importance due to the victim's inability to provide more than a general description of her attacker. Thus, denial of the continuance may prejudice the outcome of the trial.

Respondent demanded a speedy trial at the probable cause hearing. The demand was made before any delay occurred and no delay is attributable to respondent. Respondent, however, has failed to prove that he would suffer legally recognizable prejudice by the delay. Pretrial incarceration may be unfortunate, but is not a serious allegation of prejudice. *State v. Givens*, 356 N.W.2d 58, 62 (Minn.App.1984) (citing *State v. Helenbolt*, 334 N.W.2d 400, 405–06 (Minn.1983)).

The Minnesota Supreme Court has examined delay in bringing a defendant to trial in connection with a speedy trial demand made pursuant to rule 11.10 of the Minnesota Rules of Criminal Procedure. The supreme court has noted that rule 11.10 does not provide specific consequences for failure to proceed to trial within the time limits of the rule. *McIntosh v. Davis*, 441 N.W.2d 115, 119 (Minn.1989). The rule specifically allows a delay in trial commencement when good cause is shown. Minn.R. Crim.P. 11.10. Under these facts we find the state's request for a reasonable continuance to allow for DNA testing constitutes good cause, and that it was an abuse of discretion for the trial court to deny the request.

## III. Denial of Stay.

Minnesota Rule of Criminal Procedure 28.04, subd. 2(1) provides:

> Upon oral notice that the prosecuting attorney intends to appeal a pretrial order, the trial court shall order a stay of proceedings of five (5) days to allow time to perfect the appeal.

The trial court denied the request for a stay, stating:

> If the state is, simply upon oral notice, entitled as a matter of right to an automatic five-day stay of proceedings to al-

low time to perfect an appeal, management of the criminal calendar by the district court will become impossible.

The language of the rule is mandatory. *State v. Carlson,* 408 N.W.2d 192, 193 n. 1 (Minn.App.1987); *see also* Minn.Stat. § 645.44, subd. 16 (1988). The state moved for a stay of proceedings three days after the order denying the continuance was filed. There is no evidence that the state attempted to delay the proceedings unfairly by seeking review of the pretrial order. Therefore the trial court erred in denying the state's request for a stay.

Finally, we note that although in oral argument respondent challenged his custodial status and the amount of bail, we do not address these issues because they are not properly before this court in this proceeding.

### DECISION

The state properly appealed the denial of its request for a continuance necessary to enable it to obtain the results of DNA tests. The trial court abused its discretion in denying the request for a reasonable continuance and erred in refusing to stay the trial proceedings to allow time to appeal its pretrial order. Because the time necessary for this appeal has provided the state the requested continuance, we hereby remand this matter for trial.

Reversed and remanded.