STATE OF MINNESOTA

IN SUPREME COURT

A14-1482

Court of Appeals                                                                 Stras, J.
                                                        Took no part, Chutich, J.

State of Minnesota,

                Appellant,

vs.                                                          Filed:  August 24, 2016
                                                        Office of Appellate Courts

Douglas John Olson,

                Respondent.

_____


Lori Swanson, Attorney General, Saint Paul, Minnesota; and

Susan L. Segal, Minneapolis City Attorney, Jennifer Saunders, Assistant Minneapolis City Attorney, Minneapolis, Minnesota, for appellant.

John L. Lucas, Minneapolis, Minnesota, for respondent.

Travis J. Smith, Murray County Attorney, Slayton, Minnesota, for amicus curiae Minnesota County Attorneys Association.

William Ward, Minnesota State Public Defender, Minneapolis, Minnesota; and

Cathryn Middlebrook, Chief Appellate Public Defender, Saint Paul, Minnesota, for amicus curiae Minnesota Board of Public Defense.

Daniel J. Koewler, Ramsay Law Firm, P.L.L.C., Roseville, Minnesota, for amicus curiae Minnesota Association of Criminal Defense Lawyers.

_____

1

The district court did not abuse its discretion when it denied respondent's motion to dismiss under Minn. R. Crim. P. 30.02, which allows a district court to dismiss a "complaint, indictment, or tab charge if the prosecutor has unnecessarily delayed bringing the defendant to trial."

Reversed.

OPINION

STRAS, Justice.

The question presented in this case is whether the district court abused its discretion when it denied respondent's motion to dismiss after the State voluntarily dismissed and refiled the criminal charges against him. Because we conclude that the district court did not abuse its discretion, we reverse the decision of the court of appeals and remand to the district court for further proceedings.

I.

On June 20, 2013, Trooper Gordon Shank of the Minnesota State Patrol observed a vehicle traveling at 52 mph on a stretch of road with a posted speed limit of 40 mph. After stopping the vehicle, Trooper Shank spoke with the driver, respondent Douglas John Olson. Olson's speech was slurred, his eyes were bloodshot and watery, and his breath smelled of alcohol. The officer had Olson perform various field sobriety tests, each of which indicated that Olson was intoxicated. Trooper Shank then administered a

2

preliminary breath test ("PBT"),[1] which showed that Olson's estimated blood alcohol concentration ("BAC") was .152. A later chemical test of Olson's breath revealed a BAC of .14. The State charged Olson with two counts of fourth-degree driving while impaired: one count of driving a motor vehicle while under the influence of alcohol, *see* Minn. Stat. § 169A.20, subd. 1(1) (2014); and one count of driving a motor vehicle with an alcohol concentration of .08 or more, *see* Minn. Stat. § 169A.20, subd. 1(5) (2014).

The district court scheduled Olson's jury trial for January 23, 2014, but the State was unprepared to proceed that day because its only witness, Trooper Shank, failed to appear in court. The State requested a continuance, but the district court denied the request. The State then stated its intent to dismiss the case under Minn. R. Crim. P. 30.01, which allows a prosecutor to "dismiss a complaint or tab charge without the court's approval," and recharge it. Olson's counsel objected to the State's approach, arguing that it would allow the State to circumvent the court's denial of a continuance. Olson instead urged the court to dismiss the case on its own with prejudice. The court declined, and the State dismissed the case under Rule 30.01.

The State refiled the case less than 2 weeks later, on February 4, 2014. That same day, Olson's counsel sent a letter to the district court requesting that it dismiss the

---

[1]     A preliminary breath test or a "preliminary screening test" is "used for the purpose of deciding whether an arrest should be made and whether to require" a chemical test of a person's blood, breath, or urine. Minn. Stat. § 169A.41, subd. 2 (2014); *see also* Minn. Stat. § 169A.51 (2014) (explaining "chemical testing"). A preliminary screening test, unlike a chemical test, is generally not admissible in court, unless its use satisfies at least one of several statutory exceptions. Minn. Stat. § 169A.41, subd. 2 (listing the exceptions).

charges against Olson with prejudice. *See* Minn. Stat. § 30.02. The State's refiling of the charges led to the assignment of a new judge, who denied Olson's motion.

Less than 4 months later, on July 14, 2014, Olson pleaded not guilty to the charges. The court tried Olson on stipulated facts, which preserved his right to appeal the court's pretrial rulings, including the denial of his motion to dismiss. *See* Minn. R. Crim. P. 26.01, subd. 4; *State v. Myhre*, 875 N.W.2d 799, 802 (Minn. 2016) (noting that Rule 26.01 "replaced *Lothenbach* as the method for preserving a dispositive pretrial issue for appellate review in a criminal case"). The court found Olson guilty of count two: having an alcohol concentration of .08 or more within 2 hours of driving a motor vehicle. *See* Minn. Stat. § 169A.20, subd. 1(5).

Olson appealed the district court's denial of his motion to dismiss the case with prejudice following the State's refiling of the charges. The court of appeals reversed the district court's decision, concluding that the State's "dismiss-and-refile tactic," which it characterized as a "do-it-yourself continuance order," was an act of bad faith. *See State v. Olson*, 867 N.W.2d 258, 260-61, 263 (Minn. App. 2015). We granted the State's petition for review.

II.

Although the primary question in this case requires us to interpret and apply Minn. R. Crim. P. 30.01 and 30.02, we first consider the standard of review. The parties disagree about whether we must assess the district court's decision for an abuse of discretion, as the State proposes, or resolve the interpretive question under a de novo

4

standard of review, as Olson suggests.  As it happens, both accurately state part of the standard of review, but neither articulates it completely.

Olson is partially correct because the court of appeals adopted a per se rule that requires district courts to dismiss criminal charges with prejudice whenever the State has dismissed a case under Minn. R. Crim. P. 30.01 after the denial of a continuance.  *See Olson*, 867 N.W.2d at 264.  Whether the court of appeals' per se rule is consistent with the Minnesota Rules of Criminal Procedure presents a question of law that we review de novo.  *Dereje v. State*, 837 N.W.2d 714, 720 (Minn. 2013) (stating that "[t]he interpretation of the rules of criminal procedure is a question of law that we review de novo").

The State is also correct that, if we reject the per se rule adopted by the court of appeals, then the next step is to determine whether the district court abused its discretion when it denied Olson's motion to dismiss.  Under Minn. R. Crim. P. 30.02, "[t]he court *may* dismiss the complaint, indictment, or tab charge if the prosecutor has unnecessarily delayed bringing the defendant to trial." (Emphasis added.)  Use of the word " 'may' customarily connotes discretion," and the connotation is "particularly apt" when the statute or rule in question uses the word "may" in "contraposition to" a word such as "must" or "shall."  *Jama v. Immigration & Customs Enf't*, 543 U.S. 335, 346 (2005).  The immediately preceding rule, Minn. R. Crim. P. 30.01, uses the word "may" to describe what type of charges the prosecutor has the authority to dismiss and "must" to refer to the requirement that a prosecutor state the reasons for dismissing the charges in

5

writing or upon the record. Read in context, the word "may" in these two rules connotes discretion, which means that the district court's denial of Olson's motion "to dismiss the complaint, indictment, or tab charge" is reviewed only for an abuse of such discretion. *See State v. Clark*, 722 N.W.2d 460, 467 (Minn. 2006) (subjecting a district court's decision regarding whether it may appoint advisory counsel to an abuse-of-discretion standard of review).

## A.

Having explained the standard of review, we turn now to the interpretive question of whether the per se rule adopted by the court of appeals is consistent with the Minnesota Rules of Criminal Procedure. The prosecutor dismissed the criminal charges against Olson under Minn. R. Crim. P. 30.01. According to Rule 30.01, "[t]he prosecutor may dismiss a complaint or tab charge without the court's approval, and may dismiss an indictment with the court's approval." By its terms, the rule only requires the court to approve a dismissal when the State charges a case by indictment, not when a "tab charge"[2] initiates the prosecution. *Id.* Accordingly, under the plain language of the rule, the prosecutor had the authority to dismiss the tab charge against Olson without any review by the court.

---

[2] A "tab charge" is a "charging document filed by an officer at a place of detention, or an amendment of the charges on the record by the prosecutor, that includes a reference to the statute, rule, regulation, ordinance, or other provision of law the defendant is alleged to have violated." Minn. R. Crim. P. 1.04(c). It is, in other words, a "brief statement of the offense charged" and a "substitute for a complaint." *State v. Weltzin*, 630 N.W.2d 406, 407 (Minn. 2001).

6

Olson seeks to supplement the plain language of the rule by adding a good-faith requirement to any decision by a prosecutor to dismiss a tab charge or complaint even though he acknowledges that the rule's text does not contain such a requirement. He argues that we have judicially imposed a good-faith requirement in two cases that he views as binding here. We disagree.

To be sure, Olson correctly observes that we have, consistent with the requirements of Rule 30.01, prohibited bad-faith dismissals of *indictments* by prosecutors. *See State v. Pettee*, 538 N.W.2d 126, 131 n.5 (Minn. 1995); *State v. Aubol*, 309 Minn. 323, 325-26, 244 N.W.2d 636, 638 (1976);. In *Aubol*, we considered whether the district court had the authority under Rule 30.01 to "deny a prosecutor's motion to dismiss an indictment where the prosecutor, acting in good faith, . . . established a factual basis for the motion and . . . expressed reasonable doubt as to the guilt of the accused." 309 Minn. at 325, 244 N.W.2d at 638. Relying on federal cases, we stated that there is a limited role for district courts to play in the dismissal of indictments. We concluded that a court should dismiss an indictment only when the "prosecutor has acted improperly." *Id.* at 330, 244 N.W.2d at 640. In *Pettee*, the other case cited by Olson, we stated in dictum that prosecutors may "not act[] in bad faith" when they "voluntarily dismiss an indictment without prejudice" and then later reindict the defendant "on the same or similar charges." *Pettee*, 538 N.W.2d at 131 n.5.

*Aubol* itself, however, establishes the boundaries of the rule. We said that the "obvious intent" of Rule 30.01 was "to facilitate the court's satisfaction that the

7

prosecutor has neither summarily ignored nor preempted the considered decision of the grand jury without a sufficient factual basis." *Aubol*, 309 Minn. at 329, 244 N.W.2d at 640. Our statement was consistent with the plain language of the rule, which limits the court's supervisory function to the dismissal of indictments and does not require the court to approve a prosecutor's decision to dismiss charges brought by tab or complaint. We accordingly reject the per se rule adopted by the court of appeals because nothing in either *Aubol* or *Pettee*, or in the plain language of Rule 30.01, supports the imposition of a good-faith requirement for dismissals of tab charges and complaints.

B.

Because we decline to add a good-faith requirement to the dismissal of tab charges and complaints under Minn. R. Crim. P. 30.01, we now turn to the question of whether the district court abused its discretion when it denied Olson's motion to dismiss the charges. District courts play a different role when prosecutors attempt to refile charges that they have voluntarily dismissed. Minnesota Rule of Criminal Procedure 30.02 provides that "[t]he court may dismiss the complaint, indictment, or tab charge if the prosecutor has unnecessarily delayed bringing the defendant to trial." In contrast to Rule 30.01, Rule 30.02 does not distinguish between prosecutions brought by complaint, indictment, and tab charge. Rather, any time a prosecutor files charges against a criminal defendant, including when a prosecutor refiles previously dismissed charges, the court has the authority under Rule 30.02 to dismiss the charges if the prosecutor "unnecessarily delayed bringing the defendant to trial."

8

The district court relied on the unnecessary-delay standard from Rule 30.02 when it addressed Olson's motion to dismiss the refiled charges:

> [The State] did not charge the case in order to obtain an unfair advantage and did not blatantly delay the [d]efendant's trial. The witness's unavailability was unknown to the State until the day before trial and the State promptly disclosed the information, continued to negotiate the case and made its intent to recharge known prior to making the continuance request. Further, the case had not been unnecessarily delayed by any continuances prior to the continuance request on the day of trial and the [d]efendant's trial in the new recharged case was set promptly at the first available date for the parties.

The record supports the findings that the prosecutor was not aware of the unavailability of his only witness, Trooper Shank, until the day before trial; that the prosecutor promptly disclosed Trooper Shank's unavailability; that there were no continuances in the case; and that the court promptly retried Olson after the State refiled the charges. The court's factual findings were not clearly erroneous. *See Riley v. State*, 792 N.W.2d 831, 833 (Minn. 2011) (applying a clearly erroneous standard to the factual findings underlying a discretionary decision).

In addition to being consistent with the record, the district court's ruling applied the legal standard correctly. *See In re Pamela Andreas Stisser Grantor Trust*, 818 N.W.2d 495, 508 (Minn. 2012) (explaining that a "district court abuses its discretion when its decision is based on an erroneous view of the law"). Each of the facts the court considered was relevant to determining whether the prosecutor "unnecessarily delayed bringing [Olson] to trial." Minn. R. Crim. P. 30.02. Moreover, Olson acknowledges that Rule 30.02 explicitly adopts an unnecessary-delay standard. Yet Olson renews his

argument that the standard in Rule 30.02 is inconsistent with the bad-faith standard from *Aubol* and *Pettee*, which is an argument that we have already rejected here for charges brought by tab or complaint. Accordingly, the district court did not abuse its discretion when it denied Olson's motion to dismiss the refiled charges.[3]

III.

For the foregoing reasons, we reverse the decision of the court of appeals and remand to the district court for further proceedings consistent with this opinion.

Reversed.

CHUTICH, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

---

[3]  We acknowledge that the district court could have reached a different conclusion. For example, the district court could have concluded that it was unreasonable under the circumstances for the prosecutor not to have issued a subpoena for Trooper Shank or communicated with him in the days leading up to the trial. Just because we "might have come to a conclusion different from that arrived at by the district court," however, does not provide sufficient reason to reverse the district court's discretionary decision. *Reagan v. Madden*, 17 Minn. 402, 403, 17 Gil. 378, 380 (1871).