*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0079**

State of Minnesota,
Appellant,

vs.

David Israel Buenano,
Respondent.

**Filed January 30, 2017
Reversed
Hooten, Judge**

Hennepin County District Court
File No. 27-CR-15-10129

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Jean Burdorf, Assistant County Attorney, Minneapolis, Minnesota (for appellant)

Mary F. Moriarty, Hennepin County Public Defender, Peter W. Gorman, Assistant Public Defender, Minneapolis, Minnesota (for respondent)

Considered and decided by Hooten, Presiding Judge; Peterson, Judge; and Larkin, Judge.

**U N P U B L I S H E D  O P I N I O N**

**HOOTEN**, Judge

In this pretrial appeal by the state, the state argues that the district court's dismissal of the state's refiled complaint must be reversed because its decision was based on an

opinion of this court that was subsequently reversed by the Minnesota Supreme Court. We reverse.

**FACTS**

On November 5, 2014, respondent David Israel Buenano was charged by complaint with second-degree sale of a controlled substance and third-degree possession of a controlled substance. At a hearing on November 10, Buenano waived his right to a speedy trial, and, on November 18, the district court set a trial date of April 6, 2015. In February 2015, upon Buenano's motion, the district court scheduled a *Rasmussen* hearing[1] for March 31, 2015. On March 25, 2015, the prosecutor notified the district court and defense counsel by email that she had recently learned that a key witness was unavailable for the *Rasmussen* hearing. The prosecutor requested a continuance of the *Rasmussen* hearing and the trial. On March 30, the prosecutor stated in an email to the district court and defense counsel that "[i]f the [c]ourt is not willing to grant the continuance, the state would consider dismissing and refiling the complaint."

On March 31, the district court denied the state's request for a continuance. That same day, the state filed a motion to dismiss pursuant to Minn. R. Crim. P. 30.01,[2] stating that the reason for the dismissal was that "[a]n officer was unavailable for the Rasmussen

---

[1] In *State ex rel. Rasmussen v. Tahash*, 272 Minn. 539, 141 N.W.2d 3 (1965), the Minnesota Supreme Court outlined the procedures for notice and pretrial hearing to be followed when the state seeks to introduce evidence obtained through search and seizure or confessions at trial. Such a pretrial hearing is referred to as a *Rasmussen* hearing.

[2] Minn. R. Crim. P. 30.01 provides that "[t]he prosecutor may dismiss a complaint or tab charge without the court's approval, and may dismiss an indictment with the court's approval."

2

hearing due [to] a pre-planned vacation and the court denied the [s]tate's request for a continuance." The state refiled the charges on April 17, 2015. Buenano filed a motion to dismiss pursuant to Minn. R. Crim. P. 30.02, which provides that "the [district] court may dismiss the complaint, indictment, or tab charge if the prosecutor has unnecessarily delayed bringing the defendant to trial."

On July 13, 2015, this court issued its decision in *State v. Olson*, 867 N.W.2d 258 (Minn. App. 2015). In *Olson*, this court held that "[a] prosecutor abuses the state's voluntary dismissal authority under [Minn. R. Crim. P. 30.01] and engages in an act of bad faith by dismissing and refiling a criminal complaint to circumvent the district court's refusal to continue the criminal trial." 867 N.W.2d at 259. In response to Buenano's May 14, 2015 motion to dismiss, the district court noted that *Olson* "would, it appear[s], dictate the dismissal" of the refiled complaint, but stated that the decision was not yet binding on the district court. The district court denied Buenano's motion to dismiss, concluding that the state did not act in bad faith in dismissing the original complaint under rule 30.01 and then refiling. The district court noted that both parties believed that the unavailable witness was necessary, there was no showing that the prosecutor knew of the conflict and failed to act to correct it, the state was willing to rework its schedule to accommodate a slightly delayed *Rasmussen* hearing, and Buenano did not initially oppose a continuance of the trial date. After the district court's order, the state petitioned for further review in *Olson*, and the Minnesota Supreme Court granted the petition on September 29, 2015.

On November 2, 2015, Buenano moved for reconsideration of the district court's decision allowing the state to recharge the case and its denial of Buenano's motion to

3

dismiss, relying on this court's decision in *Olson*. The district court determined at that time that it was bound by *Olson* and that, "[b]ecause the [s]tate dismissed the original case only to circumvent the [c]ourt's scheduling decision, it acted in bad faith." Therefore, the district court dismissed the refiled complaint with prejudice.

The state appealed the dismissal of the refiled complaint, and this court granted the state's motion to stay the appeal pending the supreme court's decision in *Olson*. In an opinion filed August 24, 2016, the supreme court reversed this court's decision in *Olson*. *State v. Olson*, 884 N.W.2d 395 (Minn. 2016). The stay of this appeal was dissolved, and the appeal was reinstated.

## D E C I S I O N

The state argues that the district court abused its discretion by dismissing the prosecution's refiled complaint. We agree.

The state's right to appeal in a criminal matter is limited. *State v. Rourke*, 773 N.W.2d 913, 923 (Minn. 2009). When the state appeals a pretrial order of the district court, the state must show that the district court's error will have a critical impact on its ability to prosecute the case. *State v. Zais*, 805 N.W.2d 32, 35–36 (Minn. 2011). "Dismissal of a complaint satisfies the critical impact requirement." *State v. Trei*, 624 N.W.2d 595, 597 (Minn. App. 2001), *review dismissed* (Minn. June 22, 2001). Because the district court dismissed the refiled complaint, the district court's order had a critical impact on the state's ability to prosecute Buenano.

We review a district court's decision to dismiss a complaint under rule 30.02 for an abuse of discretion. *Olson*, 884 N.W.2d at 397.

The supreme court in *Olson* rejected this court's adoption of a "per se rule" that a district court must dismiss charges after the state dismissed the case under rule 30.01 after the denial of a continuance. *Id.* at 399. The supreme court reasoned that there is nothing in the plain language of rule 30.01 or in caselaw supporting the imposition of a good faith requirement for dismissals of complaints and tab charges. *Id.*

The district court's decision to dismiss the refiled complaint was based on its determination that it was bound by this court's opinion in *Olson*. The district court's reliance on this court's *Olson* opinion in dismissing the refiled complaint is particularly clear because the district court initially denied the motion to dismiss, reasoning that this court's decision in *Olson* was not yet final. However, the district court later determined that *Olson* was binding authority that necessitated dismissal of the refiled complaint. Because the district court dismissed the complaint based on this court's decision in *Olson*, which was subsequently reversed by the supreme court, the district court abused its discretion in granting Buenano's motion to dismiss the refiled complaint.

Buenano argues that "at least part of the district court's decision to dismiss the refiled complaint rested upon its dismay" regarding some of the prosecutor's actions, pointing to comments made in the July 31, 2015 order denying Buenano's motion to dismiss and in the November 25, 2015 order dismissing the refiled complaint. Indeed, the district court made comments in both orders indicating its dissatisfaction with the state's failure to provide certain information regarding when the subpoena was served on the unavailable witness. However, in the initial order, while the district court expressed its dissatisfaction with the prosecutor's actions, it nonetheless denied Buenano's motion to

dismiss under rule 30.02, noting that there was no showing that the prosecutor knew of the conflict but failed to correct it and that the state was willing to rework its schedule to accommodate the conflict. The district court concluded that there was "no justification" for dismissal under rule 30.02 because the state had not acted in bad faith. But, in its November 25 order granting the motion to dismiss, the district court explained that the reason it changed its decision and subsequently granted the motion to dismiss was its determination that it was bound by this court's decision in *Olson*. Under these circumstances, it is clear that the district court's decision to dismiss the refiled complaint was based solely on its reliance on this court's *Olson* opinion, prior to its reversal by the supreme court.

Buenano argues that the supreme court held that dismissal was proper under these circumstances in *State v. Kasper*, 411 N.W.2d 182 (Minn. 1987). But, the supreme court in *Olson* made clear that it is not necessarily an abuse of discretion for a district court to deny a defendant's motion to dismiss when the state dismissed the initial complaint and refiled the complaint after denial of a continuance. 884 N.W.2d at 399–400 (analyzing whether district court abused its discretion in denying defendant's motion to dismiss). Moreover, *Kasper* involved the denial of a defendant's speedy trial rights through "legal maneuvering" because the state dismissed and refiled the charges after the denial of a continuance. 411 N.W.2d at 183, 185. Here, Buenano waived his right to a speedy trial in November 2014 and did not make a demand for a speedy trial until two months after the state refiled the complaint.

In conclusion, because the district court's decision to dismiss the refiled complaint was based on its reliance on this court's opinion in *Olson*, which was subsequently reversed by the supreme court, we conclude that the district court abused its discretion in dismissing the amended complaint.

**Reversed.**